THE STATE OF OHIO, APPELLEE, *v.* MARSHALL, A.K.A. MAYHER, APPELLANT.

(No. 47385—Decided April 30, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John Kosko,* for appellee.

*Mr. William F. Gibson,* for appellant.

PARRINO, J. Defendant-appellant Gerald R. Marshall, a.k.a. John Mayher II, was convicted of felonious assault following trial by jury in the court of common pleas. The charge arose from an August 17, 1982 incident during which Sandra Conklin was brutally beaten in her home in North Royalton. Conklin knew the defendant as Gerald Marshall and had lived with him for approximately four months before the assault, although they were not living together at the time of the assault. She positively identified defendant as the man who beat her.

Prior to trial, defendant's first attorney requested psychiatric evaluation under R.C. 2945.37 and 2945.39 to determine defendant's competency to stand trial and sanity at the time of the act. The defendant was referred to the Cuyahoga County Psychiatric Center three separate times for evaluation and each time refused to cooperate. The attorney then requested he be removed from the case and new counsel was appointed.

The newly appointed counsel also requested a psychiatric evaluation of the defendant pursuant to R.C. 2945.371 and 2945.39 Defendant was then referred to the Dayton Mental Health Center where, after an initial misunderstanding, he was evaluated by Selah M. Samy, M.D. Following the evaluation a competency hearing was held before the trial judge.

Dr. Samy testified that he conducted an evaluation of defendant and

found him to be oriented to the situation, the person, the time and the date. Samy stated that defendant was very uncooperative and answered only a few questions and suggested that Samy talk to his (defendant's) wife or lawyer to get answers. Samy concluded that, in his opinion, defendant was sane and competent to stand trial, as he understood the charges against him and was capable of assisting in his defense. He further stated that defendant's behavior was a deliberate act and that defendant would not cooperate at trial but that too would be a deliberate act and not the result of any mental illness. Samy's written report on his evaluation was admitted into evidence and was consistent with his testimony.

Following the hearing, the court found defendant competent to stand trial. The defendant was subsequently found guilty as charged. Defendant (hereinafter referred to as appellant) appeals his conviction solely on the basis of the competency hearing and assigns five errors for our review. For the reasons stated below, we find that the actions of the trial court were proper and that defendant was competent to stand trial.

The first four errors will be addressed together.

"I. The Appellant was denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution by the failure to adequately and properly determine his competency to stand trial pursuant to R.C. 2945.37 et seq.

"II. The Trial Court abused its discretion in refusing to refer Defendant for an independent psychiatric evaluation for competency to stand trial when there had never been an adequate psychiatric evaluation to enable the Court to determine competency.

"III. The Trial Court erred in violation of the Sixth Amendment to the United States Constitution, and Article I, Sections 5 and 10 of the Ohio Constitu-

tion in that the Court allowed the Defendant to be tried by a Jury while the question of competency or present sanity was inconclusive and therefore still pending before the Court.

"IV. Opinion testimony of a Psychiatrist as to competency is insufficient as a matter of law when there is virtually no factual basis to support the opinion, no evidence of expertise in the specific field of inquiry, and the opinion is not given as being within the bounds of reasonable medical or scientific certainty."

These arguments are not well-taken.

Dr. Samy, the psychiatrist from the Dayton Mental Health Center who conducted the psychiatric evaluation, is a staff psychiatrist employed by the Mental Health Department and working in the Center's Forensic Unit. He testified that he has both an M.D. and a degree in psychiatry. No objection was made to Samy's qualifications. Samy was therefore a proper evaluator under the terms of R.C. 2945.371.

The United States Supreme Court in *Dusky* v. *United States* (1960), 362 U.S. 402, has approved a test for competency as one which seeks to determine whether the defendant:

" '* * * has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.' " *Id.* at 402. See, also, *Drope* v. *Missouri* (1975), 420 U.S. 162.

In both his written report and his testimony at the hearing Samy stated that appellant was knowledgeable about legal requirements and fully capable of assisting in his own defense. He was also capable of understanding the nature and facts of the charges against him. Samy made a specific finding that appellant was deliberately uncooperative and disruptive and held a definite antagonism toward the system but that

such was not founded·in mental illness. Under R.C. 2945.37 the court is to determine the defendant's competence upon the evidence presented. We find that the evidence presented was sufficient for the court to determine competence and that appellant's due process rights were protected.

Further, we determine that appellant had no absolute right to an independent psychiatric evaluation. Appellant was referred four times for evaluation and three times refused to cooperate for evaluation. The statutes make no provision for an independent psychiatric evaluation and appellant has not made a persuasive argument that such should have been ordered in the instant case.

Accordingly, assignments of error one through four are overruled.

In his fifth assignment of error, appellant states:

"V. The Trial Court erred in continuing with the Defendant's Jury Trial when the circumstances before the Court indicated that the Defendant was unable to meet the standards of competency to stand trial."

Counsel for appellant also argues that the disruptive behavior of appellant at trial was indicative of incompetency so as to require further inquiry into his competency to stand trial under R.C. 2945.37. Counsel cites various outbursts including an accusation that the trial judge and prosecuting attorney were selling drugs; repeated references to the trial as a "kangaroo court"; reference to trial counsel as "this little gay-guy sitting here"; and defendant's statement on the stand that he had been raped by the sheriffs and corrections officers while in jail.

A trial court is to be alert to circumstances which would suggest that a defendant does not meet the standards of competence to stand trial. *Drope, supra.* Where, however, there has been a hearing on competency and expert testimony that the defendant's disruptive behavior is intentional and not the result of mental illness, as there was in the instant case, the court does not err in proceeding with trial without further inquiry into competence. See *Maggio* v. *Fulford* (1983), 76 L.Ed. 2d 794.

The fifth assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DAY, C.J., and MARKUS, J., concur.