### State v. Arriaga
### Case No. L-89-099
### Lucas County (6th)
### Decided February 9, 1990
[Cite as 1 AOA 220]

This matter is before the court on appeal from the Lucas County Court of Common Pleas.

Appellant, Jerry M. Arriaga, was indicted

on one count of receiving stolen property, in violation of R.C. 2913.51, on February 24, 1988. On March 14, 1988, the court ordered appellant referred to pyschiatrist Dr. Marvin E. Gottlieb for an evaluation to determine appellant's competency to stand trial. Dr. Gottlieb's ultimate conclusion was that appellant was competent to stand trial.

A hearing was held on April 25, 1988 in which the court, after reviewing all of the evidence, found appellant competent to stand trial. Appellant was found guilty by a jury on February 21, 1989. He received a suspended sentence of one and a half years of incarceration. Appellant was also placed on probation for a period of three years.

Appellant now appeals the solitary issue of competency, setting forth the following assignments of error:

"I. THE TRIAL COURT IMPROPERLY CONCLUDED THAT APPELLANT IS COMPETENT TO STAND TRIAL.

"II. WHERE PREVIOUS TRIAL COURTS HAVE RULED ON APPELLANTS' [sic] COMPETENCY AND THERE IS NO NEW EVIDENCE THAT WOULD CHANGE APPELLANTS' [sic] COMPETENCY, THE RULE OF PRECEDENT SHOULD APPLY."

In his first assignment of error, appellant contends that the court erred in finding appellant competent to stand trial.

The test for determining a criminal defendant's competency to stand trial was set out by the Supreme Court of the United States in *Dusky* v. *U.S.* (1960), 362 U.S. 402. The court held that the test is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *Id.*

Ohio courts have held that it is important for a criminal defendant to have enough understanding to enable him to assist his counsel in preparing a defense. *State* v. *Rubenstein* (1987), 40 Ohio App. 3d 57, 60; citing *Drope* v. *Missouri* (1975), 420 U.S. 162, 171. The applicable Ohio Revised Code Section provides:

"A defendant is presumed competent to stand trial, unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense." R.C. 2945.37 (A)

Therefore, the issue before this court is whether or not there was sufficient evidence in the proceedings below in which to sustain the finding of appellant's competency. *State* v. *Pruitt* (1984), 18 Ohio App. 3d 50, 54; *State* v. *Marshall* (1984), 15 Ohio App. 3d 105, 106.

Appellant's main contention in the first assignment of error is that the court erroneously relied on the findings of Medical College of Ohio psychiatrist, Dr. Marvin Gottlieb. Dr. Gottlieb concluded that appellant was competent to stand trial. His conclusion differed with the conclusion of clinical psychologists, Dr. Kaisa Puhakka, who in 1987, found appellant *incompetent* to stand trial.

In November 1987, Dr. Puhakka was employed by the Court Diagnostic and Treatment Center. She was asked to evaluate appellant to determine his competency to stand trial. Appellant, at the time, was facing criminal charges unrelated to the case at bar. [CR87-6754 (A) and CR87-7078 (A)]

At the April 25, 1988 competency hearing, Dr. Puhakka offered testimony regarding her 1987 evaluation. She essentially testified that she found appellant to be incompetent because he was mildly mentally retarded. Dr. Puhakka further testified that it was unlikely that appellant's competency level had improved since the 1987 evaluation, given the fact that mental retardation is a permanent condition of the brain. This, she testified, was in contrast to mental illness which is treatable through the use of therapy and/or medication.

In 1988, Dr. Gottlieb was obtained by the court to evaluate appellant's competency to stand trial on the offense at issue in this case. Dr. Gottlieb agreed with Dr. Puhakka's finding that appellant was mildly mentally retarded. However, in finding appellant competent, Dr. Gottlieb testified that people with the same intelligence level as appellant are not, necessarily, incompetent to stand trial. Moreover, Dr. Gottlieb testified that some criminal defendants with lower intelligence levels then appellant's are competent to stand trial.

Appellant now contends that the court

should not have referred appellant to a psychiatrist. Both experts, because of their respective training, used different methods to evaluate appellant. Appellant argues that psychiatrists are qualified to evaluate mentally ill criminal defendants, whereas, clinical psychologists are trained to evaluate mentally ill criminal defendants *as well as* mentally retarded criminal defendants. Thus, appellant argues, in that appellant was mentally retarded, the court should have referred appellant to a clinical psychologist. Or, in the alternative, appellant asserts that the court should have relied on the testimony and findings of Dr. Puhakka.

When an issue is raised regarding a defendant's competence to stand trial, R.C. 2945.371 provides that the court may order the defendant to be evaluated by an examiner. The statute clearly defines "examiner" to mean "a psychiatrist or licensed clinical psychologist." In light of this definition, the statute's implication is that a mentally retarded defendant may be evaluated by a psychiatrist or a clinical psychologist. For instance, R.C. 2945.371 (C) states:

"* * * The court at the request of the examiner may order the sheriff to transport the defendant to a program or facility operated by the department of mental health or the department of mental retardation * * *"

R.C. 2945.371 (D) provides:

"If the examiner reports that in his opinion the defendant is incompetent to stand trial, he shall also state his opinion on the likelihood of the defendant's becoming competent to stand trial within one year and if, in his opinion, the defendant is mentally ill or mentally retarded."

Based upon our reading of the applicable statute, we find that the court did not err in allowing appellant to be evaluated by a competent psychiatrist.

Appellant also contends that the court should have relied on the findings of Dr. Puhakka since, as an employee of the Court Diagnostic and Treatment Center, she was "the arm of the court." However, we once again turn to the statute which provides that:

"* * * the court may designate examiners

other than the personnel of the center, program, facility, or department to make the examination." R.C. 2945.371 (A)(2)

Therefore, the court did not err in referring appellant to Medical College of Ohio psychiatrist, Dr. Marvin Gottlieb.

In sum, Dr. Gottlieb found that appellant understood courtroom procedures well enough to aid his attorney in his defense. Dr. Gottlieb noted that appellant had been to trial before. Appellant was also able to explain, in detail, his own experience with plea bargaining to the doctor. Appellant did have difficulty recalling the circumstances of his latest criminal charge. However, Dr. Gottlieb found that with some assistance appellant was able to remember the particulars. In his written report, Dr. Gottlieb acknowledged that appellant had limited intellectual ability. Still, the doctor concluded that appellant's intellectual impairment was not sufficient enough to preclude appellant from standing trial. Viewing the evidence that was before the court in its entirety, and considering the statutory presumption that appellant is competent, we find appellant's first assignment of error not well-taken.

In appellant's second assignment of error he essentially contends that a court is bound by a prior determination of a defendant's incompetency to stand trial. As stated above, appellant was found incompetent to stand trial in November 1987, on charges unrelated to the case at bar.

In dealing with a similar issue, the Second District Court of Appeals held that prior adjudication of a defendant's incompetence does not act to bar said defendant from standing trial on future, unrelated criminal charges. *Huber Heights* v. *Weaver* (Jan. 19, 1987), Montgomery App. No. 9465, unreported. Likewise, the Illinois Court of Appeals has recognized the need to periodically review a defendant's mental state, for trial purposes, once that defendant has been found incompetent by a court. *People* v. *Lang* (Ill. App. 1975), 325 N.E. 2d 305.

Clearly, the General Assembly did not intend a finding of incompetency to bar a defendant from trial on other issues. R.C. 2945.38 (J), which addresses the disposition of defendants after competency hearings, provides:

"No statement made by a defendant in an examination or hearing relating to his competence to stand trial shall be used in

evidence against him on the issue of guilt *in any criminal action*." (Emphasis added.)

In view of the above provision, it is obvious that the General Assembly anticipated the possibility of an "incompetent defendant" being charged or even going to trial on new, unrelated offenses.

Based on the foregoing, we find that the court was not bound by a prior determination of appellant's incompetency to stand trial on unrelated charges. At best, the prior determination should have been considered in conjunction with all of the evidence which was before the court regarding appellant's present mental state. Accordingly, appellant's second assignment of error is found not well-taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

HANDWORK, P.J., GLASSER, J., Concur.

Prior to his death, Judge John J. Connors, Jr., did participate in the decision-making process of this case.