The STATE of Ohio, Appellee,

v.

CORETHERS, Appellant.

[Cite as *State v. Corethers* (1993), 90 Ohio App.3d 428.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63533.

Decided Aug. 23, 1993.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Ronald D. James,* Assistant Prosecuting Attorney, for appellee.

*Hyman Friedman,* Cuyahoga County Public Defender, and *Jean M. Gallagher,* Assistant Public Defender; and *Clarence Corethers, pro se,* for appellant.

JOHN F. CORRIGAN, Judge.

Defendant Clarence Corethers appeals from his convictions for carrying a concealed weapon with violence specifications and having a weapon while under disability with firearm and violence specifications. For the reasons set forth below, we reverse the convictions and remand for further proceedings.

I

On July 24, 1990, defendant was indicted for carrying a concealed weapon with violence specifications and having a weapon while under disability with firearm and violence specifications. Defendant entered pleas of not guilty.

Thereafter, on June 5, 1991, the trial court referred defendant to the Court Psychiatric Clinic for an evaluation. On July 23, 1991, the Court Psychiatric

Clinic issued a report [1] finding defendant incompetent to stand trial. The report found:

"[Within a] reasonable degree of medical certainty, that the defendant does suffer from a severe mental disease, namely an Organic Mental Disorder, NOS, with Manic and Delusional Features. The defendant exhibits rapid and disorganized speech and thinking. His concentration is impaired. He exhibits paranoia, for example, he believes that the case against him involves a conspiracy. He exhibits grandiose delusional thinking, for example, he believes he has the prowess of an attorney and that he is capable of representing himself as an attorney in this case. He has exhibited paranoid ideation in regard to the attorneys involved in this case and as has been documented, he has refused to sign the releases of information and allow the gathering of data that would be helpful in the disposition of his case as well. His mood is labile, irritable and unstable.  * * *

"[A]s a direct result of the defendant's severe mental disease, he is unable to assist his attorneys in the preparation of a defense. The defendant believes that he is capable of representing himself in this proceedings. He reports that he will use the appointed attorneys only as assistants. He further reports that if he is not satisfied with the quality of cooperation or expertise of these attorneys, that he will 'fire them on the spot.' He believes his legal expertise is sufficient to allow him to do this."

The lower court's journal entries next indicate that on October 9, 1991, the trial court held a competency hearing and determined that defendant was unable to stand trial. It then referred defendant to Dayton Forensic Center for "treatment, evaluations and restoration to competency."

On January 3, 1992, the trial court ordered defendant back from Dayton Forensic Center. The record does not indicate that a competency hearing was held at this time. On February 12, 1992, defense counsel moved the trial court to reevaluate defendant's competency. In relevant part, this motion provided:

"Mr. Corethers was admitted to the Dayton Mental Health Center on November 14, 1991, and on December 18, 1991, a report [2] issued from that facility, indicating that Mr. Corethers had been restored to competency. This report was authored by Salah M. Samy, M.D. On January 9, 1992, Counsel met with Mr. Corethers at the mental health facility at Dayton, Ohio, in an attempt to discuss his case. Counsel found Mr. Corethers to be essentially unable to discuss his

---

1. This report was not made part of the record below, but was subsequently provided on appeal.

2. Dr. Samy's report was not made part of the record and has not been provided herein.

case in any meaningful fashion. He denied the results of the defense['s] own investigation, contending that those witnesses had in fact not related to the investigators what they had indeed told him (investigator). Mr. Corethers continually digressed from any discussion of the facts of the case or of any potential defenses. He instead preferred to talk about his belief that he had been the target of an assassination attempt while in the Cuyahoga County Jail, presumably from jail personnel who had poisoned his medication and that the court may have been involved in those attempts. In discussion, Defendant also offered that his case and this attempt upon is life were now under the scrutiny of the federal court and the Federal Bureau of Investigation. He contended that whatever happened with his pending criminal case was of no consequence as these 'higher authorities' would intervene and absolve him of any liability, should he be convicted.

"Subsequent to this visit, counsel conferred by telephone with Dr. Samy of the Mental Health Center concerning his report. Dr. Samy indicated that he had seen Defendant on only two occasions for relatively brief periods. He indicated that he had ordered certain tests be administered to Defendant including one designed to ascertain whether Mr. Corethers suffers from organicity. For reasons unknown to Dr. Samy, these various tests were never administered. Dr. Samy further admitted that Mr. Corethers had not shared with him any of his (Defendant's) accounts of the attempted assassination in the county jail or of the court's own participation in those attempts. Dr. Samy indicated that had he known of this ideation, then his assessment of restoration of competency may very well have been otherwise." (Footnote added.)

On February 27, 1992, the trial court noted on the motion for reevaluation that it had been orally withdrawn by defendant's new counsel. The matter subsequently proceeded to trial.

Cleveland Police Officer Michael Kmiecik provided the sole testimony for the state and indicated that while on patrol duty on June 11, 1990, he responded to a report concerning a man displaying a gun at a store in the area of East 119th Street and Kinsman. The man had left the store by the time that Kmiecik arrived, and he and his partner then proceeded eastward on Kinsman searching for the man who was reportedly wearing blue jeans and a gray shirt, and carrying a briefcase. The officers observed defendant at the area of East 135th Street and Kinsman. According to Kmiecik, he fit the description provided and was carrying a briefcase. Kmiecik's partner patted defendant down and found a small gun in the front pocket of his pants.

The weapon was subsequently determined to be capable of firing a projectile and contained one live round.

The defendant testified on his own behalf and indicated that as he approached the store on Kinsman he observed three men robbing an older man and he intervened. Confusion ensued. Later, he went into the store to buy beer and wine, then left and was arrested one block away from the store. Defendant denied possessing a gun, denied wearing a gray shirt and blue jeans, and denied carrying a brief case.

In addition, throughout the proceedings defendant was argumentative, indicated that he had been railroaded in prior proceedings, argued numerous legal points although he was represented by counsel, expressed disagreement with counsel's strategies, and improperly obtained a copy of the jury list.

Defendant was subsequently convicted of both counts of the indictment and all specifications.

Herein, defendant's counsel assigns four errors for our review and defendant assigns nine additional errors *pro se.* See Appendix. Because we conclude that defendant was tried under circumstances which strongly indicate that he was incompetent to stand trial, we reverse and remand on this basis.

## II

The third error asserted by defendant's counsel states:

"Appellant's rights under Article I, and Section 16 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution were violated when once the issue of competency was raised, the trial court failed make an affirmative determination of appellant's competency prior to trial."

This claim is well taken.

In *State v. Rubenstein* (1987), 40 Ohio App.3d 57, 60, 531 N.E.2d 732, 736, this court stated:

"It is settled law that 'a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. * * *' *Drope v. Missouri* (1975), 420 U.S. 162, 171 [95 S.Ct. 896, 903, 43 L.Ed.2d 103, 113]. The conviction of an accused while he is not legally competent to stand trial violates due process of law. See *Bishop v. United States* (1956), 350 U.S. 961 [76 S.Ct. 440, 100 L.Ed. 835]. In the federal courts, the test for legal competence is whether the criminal defendant ' * * * " * * * has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' *Dusky v. United States* (1960), 362 U.S. 402 [80 S.Ct. 788, 4 L.Ed.2d 824]."

Thus, when there is evidence to create a sufficient doubt of a defendant's competency to stand trial, a trial court may be required to conduct further inquiry on the question and a trial court must always be alert to circumstances suggesting that the accused may be incompetent to stand trial. *Drope v. Missouri* (1975), 420 U.S. 162, 177, 180, 95 S.Ct. 896, 906, 908, 43 L.Ed.2d 103, 116, 118. Relevant considerations include (1) doubts expressed by counsel as to the defendant's competence, (2) evidence of irrational behavior, (3) the defendant's demeanor at trial, and (4) prior medical opinion relating to competence to stand trial. *Id.;* see, also, *State v. Rubenstein, supra.*

In addition, R.C. 2945.37 provides:

"In a criminal action in a court of common pleas or municipal court, the court prosecutor, or defense may raise the issue of the defendant's competence to stand trial. *If the issue is raised before trial, the court shall hold a hearing on the issue as provided in this section.* If the issue is raised after trial has begun, the court shall hold a hearing on the issue only for good cause shown.

" * * *

"Upon the evidence submitted, the court shall determine the defendant's competence to stand trial and shall make an order under section 2945.38 of the Revised Code." (Emphasis added.)

In accordance with the foregoing, it is clear that a trial court must hold a hearing on the issue of defendant's competency if the issue is raised prior to trial. See *State v. Bekesz* (1991), 75 Ohio App.3d 436, 441, 599 N.E.2d 803, 806.

This court has previously determined, however, that the failure to provide such a hearing is harmless error where the defendant has been provided with an opportunity to present evidence in his behalf but instead elects to accept the findings contained in the psychiatric report, and the psychiatric report indicates that he is competent to stand trial. See *State v. Rubenstein,* 40 Ohio App.3d at 61, 531 N.E.2d at 737. Similarly, the Supreme Court has determined that the failure to hold a hearing under R.C. 2945.37 is harmless error where the defendant proceeds to participate at trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency. *State v. Bock* (1986), 28 Ohio St.3d 108, 28 OBR 207, 502 N.E.2d 1016, paragraph one of the syllabus.

In this instance, the journal entries preceding the scheduling of trial clearly indicated that defendant was not competent to stand trial. The next entries indicate that trial was scheduled, but reveal no basis upon which one could conclude that defendant's competency had been restored. That is, the report of the Court Psychiatric Clinic, which has been provided on appeal, indicates that defendant is not competent to stand trial. The report of Dr. Samy, which

presumably indicates that defendant's competency has been restored, was never introduced, and is premised upon incomplete information, according to defendant's former counsel. In addition, several weeks before trial, defendant's counsel apprised the court that defendant had been unable to assist in his defense. Under these circumstances, the trial court was compelled under both due process considerations and R.C. 2945.37(A) to conduct a hearing on the issue of defendant's competency.

■ Moreover, such failure was not harmless error under this court's pronouncement in *Rubenstein.* Dr. Samy's report, which presumably indicates that defendant's competency had been restored, appears to be based upon incomplete information, and defendant at no point was given an opportunity to accept the findings of the report and at no point affirmatively accepted those findings. Further, such failure was not harmless error under the Supreme Court's pronouncement in *Bock,* for although defendant did testify, and was subject to cross-examination, his comments and conduct nonetheless present a significant indication of incompetency. That is, defendant exhibited disorganization in his speech, irritability, and exaggerated belief in his ability to represent himself, all of which were factors in the July 1991 report of the Court Psychiatric Clinic, in which it was determined that he was not competent to stand trial. Accordingly, we reverse and remand the matter for retrial at such time as defendant is competent to stand trial. See *Drope v. Missouri, supra,* 420 U.S. at 183, 95 S.Ct. at 909, 43 L.Ed.2d at 119.

The third assignment of error advanced by counsel is sustained. In light of this determination, moreover, the remaining claims advanced by counsel are moot and will not be addressed.

### III

■ The second error advanced by defendant *pro se* states:

"Trial court erred in not granting the appellant's request to have a [*sic*] independent examination prior to full commitment hearing as required by Revised Code 5122.15(A)(4) and denied appellant Corethers his constitutional and statutory right to due process."

In *State v. Marshall* (1984), 15 Ohio App.3d 105, 107, 15 OBR 195, 197–198, 472 N.E.2d 1139, 1142–1143, this court held that R.C. 2945.37, 2945.371 and 2945.39 make no provision for an independent psychiatric evaluation. Accordingly, we reject this claim.

### IV

The third error advanced by defendant *pro se* states:

"Trial court erred in violating the Supreme Court of Ohio Chief Justice Thomas Moyer's orders in regard to appellant's filing of disqualification of judge, affidavit of prejudice R.C. § 2701.03 and 2730.20."

The record indicates that the Supreme Court determined the affidavit of disqualification filed by defendant to be unfounded, and the court refused to disqualify Judge Friedman from further proceedings. Accordingly, this claim lacks support in the record and is overruled.

In light of our disposition of the preceding claims, the remaining claims advanced by defendant *pro se* are moot.

*Judgment reversed
and cause remanded.*

DYKE, C.J., and JAMES D. SWEENEY, J., concur.

### APPENDIX

Additional errors assigned by counsel:

"I.   Appellant's rights under Article I, Sections 14 and 16 of the Ohio Constitution and the Fourth and Fourteenth Amendments to the United States Constitution were violated when his motion to suppress evidence was denied without a hearing and despite a lack of any evidence presented by the state."

"II.   Appellant's rights under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution were violated and was entitled to an acquittal when his conviction was not supported by sufficient evidence."

"IV.   Appellant's rights under Article I, and Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution were violated, and invalid convictions and sentences must be vacated, when there were no valid convictions on the second count, the firearm specification and the violence specifications of both counts."

The remaining errors assigned *pro se* are:

"I.   Trial court erred in violation of Criminal Rule 46(A), (C) & (E)(1) in failing to inform appellant of his May 23, 1991 hearing when the forfeiture was vacated."

"IV.   Trial court erred on September 19, 1991 in prejudicially failing to reinstate the appellant's bail bond."

"V.   Trial court erred in sentencing appellant to year at Dayton Mental Forensic Center and transferring appellant thirty-five days later on November 14, 1991 to Dayton Forensic Center."

"VI.   Trial court erred in ordering appellant to Dayton Forensic Center, do to proven facts appellant was competent upon being transferred."

"VII.   Trial court erred in failing to·dismiss, knowing that the state of Ohio had no evidence to respond to the appellant's motion to suppress filing on Feb. 19, 1992."

"VIII.   Trial court erred in sentencing appellant on specification R.C. 2923.13."

"IX.   Trial court erred in denial of appellant's motion to dismiss case on basis of failure of state of Ohio to provide speedy trial R.C. § 2945.71."