Michael A. Davis appeals the Vinton County Court of Common Pleas' denial of his post-sentence motion to withdraw his plea of guilty, pursuant to Crim.R. 32.1, to one count of rape. On appeal, Davis asserts that the trial court abused its discretion by denying his motion to withdraw his guilty plea because: (1) he did not knowingly, intelligently, and voluntarily enter his guilty plea; and (2) he showed good cause for the trial court to order a mid-trial competency hearing. We disagree, because Davis failed to show that a manifest injustice resulted from the trial court accepting his guilty plea. Therefore, we find that the trial court did not abuse its discretion by denying Davis' motion to withdraw his guilty plea. Davis also asserts that he is entitled to withdraw his guilty plea because his trial counsel provided him with prejudicially ineffective assistance. As Davis failed to raise his arguments in the trial court, we decline to review his arguments for the first time on appeal. Accordingly, we affirm the judgment of the trial court.
 I.
In January 1991, the Vinton County Prosecuting Attorney filed a Bill of Information alleging Davis committed three counts of rape, in violation of R.C. 2907.02. Davis entered a plea of not guilty by reason of insanity. The court ordered a mental health evaluation to determine Davis' competence to stand trial and to evaluate his mental condition at the time of his offense.
In July 1991, the trial court held a competency hearing and found Davis incompetent to stand trial but found that a substantial probability existed that treatment could restore him to competency within one year. The trial court ordered Davis to receive treatment at the Central Ohio Psychiatric Hospital ("COPH"). COPH provided Davis with treatment that included psychotropic medication. In October 1991, the court held another competency hearing. The state and Davis stipulated to the admissibility of the psychiatric evaluation of Dr. Mehmet Kavak, M.D., and the trial court found Davis competent to stand trial.
Pursuant to plea negotiations, Davis entered a plea of guilty to one count of rape, and the state dismissed the two remaining rape charges. At the plea hearing, the trial court conducted a dialogue with Davis, pursuant to Crim.R. 11. The trial court judge explained the seriousness of his offense, the potential sentence involved, Davis' ineligibility for probation, and the constitutional rights Davis waived upon entering such a plea.
The trial court then specifically questioned Davis about his comprehension of the proceedings. The court inquired whether Davis' psychotropic medication affected his ability to understand the proceedings. Davis responded that his medication affected his concentration and comprehension and slowed his ability to answer questions. However, Davis stated that he understood the proceedings and commended the court for conveying information so that he could easily understand it. Davis told the court that he discussed the plea with his attorney several times, that she answered all of his questions regarding the plea, and that no one threatened or coerced him into negotiating with the state. The trial court accepted Davis' guilty plea and found him guilty of rape. The trial court sentenced Davis to an indefinite term of incarceration from eight to twenty-five years.
In May 1998, Davis filed a motion to withdraw his guilty plea, arguing that he did not knowingly, intelligently, and voluntarily enter his plea because he was under the influence of psychotropic drugs and because his counsel misrepresented the sentence he would receive for a rape conviction. Davis attached his sworn affidavit, averring that he was incapable of understanding the proceedings at his plea hearing, a list of possible side effects from his medication, and a letter from his trial counsel regarding the possible sentences for a rape conviction.
The trial court overruled Davis' motion to withdraw his plea. In its decision and journal entry, the court reasoned that it found the audio taped transmission of the plea hearing more persuasive than Davis' affidavit, and found that Davis knowingly, intelligently, and voluntarily entered his guilty plea. Therefore, the trial court found that a manifest injustice did not occur when it accepted Davis' guilty plea. The trial court made no findings regarding the effectiveness of Davis' trial counsel.
Davis appeals the judgment of the trial court, asserting the following assignments of error for our review:
 I. THE COURT OF JUDGE LOTZ ABUSES ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN MAKING HIS DECISION BASED ON TAPED TRANSMISSION OF THE PLEA HEARING. WHERE THE APPELLANT HAS BEEN PREJUDICED BY TRIAL COURT DENYING HIM DUE PROCESS. (sic). THERE IS AN ABUSE OF DISCRETION FROM TRIAL COURT OF JUDGE BRAME, PERTAINING TO APPELLANT'S COMPETENCE TO PLEAD.
 II. A TRIAL COURT IS REQUIRED TO HOLD A "MID-TRIAL HEARING" ON THE ISSUE OF COMPETENCY "ONLY FOR GOOD CAUSE SHOWN." THE STATUTORY REQUIREMENT MANDATING A SHOWING OF "GOOD CAUSE" HAS BEEN CONSTRUED IN ACCORDANCE WITH PRINCIPLES ESTABLISHED FROM R.C. 2945.37, 18 U.S.C.A. 42.
 III. THE APPELLANT'S FACTUAL ALLEGATIONS SUGGEST THAT HIS COUNSEL FAILED TO MAKE EVEN RUDIMENTARY PREPARATIONS TO REPRESENT APPELLANT. SUCH CONDUCT CLEARLY VIOLATES AN ATTORNEY'S DUTY TO REPRESENT A CLIENT. Cf. D.R. 6-101(A)(2). IN LIGHT OF APPELLANT'S CLAIMED INCOMPETENCE TO KNOWINGLY AND VOLUNTARILY MAKE A PLEA, THESE BREACHES HAVE SERIOUSLY PREJUDICED THE APPELLANT. OHIO CONSTITUTION ART. I 10, U.S. CONSTITUTION, SIXTH AMENDMENT.
 II.
In each of his assignments of error, Davis asserts that the trial court abused its discretion by overruling his motion to withdraw his guilty plea to correct a manifest injustice. Davis argues that he established that: (1) he did not enter his guilty plea knowingly, intelligently, and voluntarily; (2) the trial court failed to hold a mid-trial competency hearing for good cause; and (3) his trial counsel provided him with ineffective assistance.
When the trial court denies a motion to withdraw a guilty plea pursuant to Crim.R. 32.1, appellate review is limited to a determination of whether the trial court abused its discretion. State v. Johnson (Dec. 30, 1998), Scioto App. No. 98CA2576, unreported; State v. Brooks (Jan. 29, 1992), Lorain App. Nos. 90CA004960, 91CA005035, unreported. An abuse of discretion involves more than an error in judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v.State Emp. Relations Bd. (1992), 63 Ohio St.3d 498; WilmingtonSteel Products, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120,122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1990), 57 Ohio St.3d 135,138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
Pursuant to Crim.R. 32.1, a defendant may withdraw a guilty plea after the imposition of sentence only to correct a manifest injustice. The defendant bears the burden of establishing the existence of a manifest injustice. State v.Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. An undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of a Crim.R. 32.1 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.Smith, at paragraph three of the syllabus.
 II.
In his first assignment of error, Davis asserts that he presented affidavits that established that his guilty plea was not entered knowingly, intelligently, and voluntarily because he was under the influence of psychotropic medication. Davis contends that the trial court abused its discretion by being more persuaded by the taped transmission of the plea hearing.
To comply with due process, a defendant who enters a plea in a criminal case, must enter the plea knowingly, intelligently, and voluntarily. State v. Engle (1996), 74 Ohio St.3d 525. A plea taken while a defendant is incompetent violates due process of law. State v. Rubenstein (1987), 40 Ohio App.3d 57,60, citing Bishop v. United States (1956), 350 U.S. 961. However, a defendant's use of psychotropic drugs does not mean that his plea was not knowingly, intelligently, and voluntarily entered, even if the defendant might become incompetent to stand trial without the drugs. State v. McCabe (Sept. 14, 1998), Washington App. No. 97CA32, unreported, citing State v.McDowell (Jan. 16, 1997), Cuyahoga App. No. 70799, unreported.
A determination of whether a plea was entered knowingly, intelligently, and voluntarily is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 271. In determining whether a defendant understands his plea, the trial court may consider the surrounding circumstances, such as the dialogue between the court and the defendant and the defendant's demeanor. McCabe, citing State v. McDowell (Jan. 16, 1997), Cuyahoga App. No. 70799, unreported. The colloquy between the trial court and a defendant required by Crim.R. 11 encompasses constitutional procedural requirements. State v.Johnson (1988), 40 Ohio St.3d 130, 133. When a defendant argues that his guilty plea was taken in violation of due process, the trial court's compliance with Crim.R. 11 provides greater probative evidence than contradictory affidavits of a defendant. State v. Moore (1994), 99 Ohio App.3d 748, 755-756.
In support of his motion, Davis presented his own affidavit, asserting that he was on heavy doses of psychotropic medication that rendered him unable to understand the nature of the proceedings. However, the course of treatment prescribed for Davis, including the psychotropic medication, restored him to competency rather than rendering him incompetent. Furthermore, the transcript of the plea hearing shows that Davis affirmatively represented to the trial court that he understood the hearing, commended the trial court for explaining the hearing to him, and that he thoroughly discussed the matter with his trial counsel several times prior to entering the plea.
The trial court properly gave the audio taped transmission of the plea hearing greater probative value than the affidavits submitted by Davis. The taped transmission allowed the court to hear the tone, pitch, and speed of Davis' speech and determine that Davis understood the plea hearing and the consequences of his plea. See McCabe, citing McDowell, supra. Furthermore, Davis filed his motion to withdraw his plea nearly seven years after he entered the plea. The lapse between Davis' plea and his motion to withdraw his plea further damages the credibility of his affidavit. Therefore, we find that the trial court did not abuse its discretion by finding that Davis' plea did not create a manifest injustice. Accordingly, we overrule Davis' first assignment of error.
 III.
In his second assignment of error, Davis argues that the trial court abused its discretion by failing to order another competency hearing at the plea hearing because: (1) he was under the influence of psychotropic medication; (2) the trial court relied upon a six-month-old evaluation finding Davis competent; and (3) the Social Security Administration evaluated him as mentally disabled.
The state argues that Davis did not file this appeal within the thirty days of his sentence, and therefore did not timely file this appeal. Alternatively, the state contends Davis did not exhibit sufficient indicia of incompetence for the trial court to inquire into his ability to comprehend the proceedings.
Since the state's argument relating to the timeliness of Davis' appeal raises a jurisdictional issue, we must first address this argument to determine whether we can review the substantive merits of Davis' second assignment of error. App. R. 4(A) states that "a party shall file the notice of appeal * * * within thirty days of the later of entry of the judgment or order appealed * * *. Crim.R. 32.1 provides that a trial court may set aside a judgment of conviction after sentence. A party who wishes to withdraw his guilty plea must first file a motion with the trial court and then appeal the trial court's denial of his motion. State v. Schellenger (Sept. 27, 1996), Clark App. No. 95-CA-91, unreported. Neither Crim.R. 32.1 nor courts have imposed a time limitation in which the defendant must file such a motion. See State v. Smith (1977), 49 Ohio St.2d 261. A trial court's order denying a Crim.R. 32.1 motion is a final appealable order, from which the defendant has thirty days to appeal, pursuant to App. R. 4(A).
Davis' claim regarding the trial court's failure to order a mid-trial competency hearing directly bears on his Crim.R. 32.1 motion to withdraw his plea due to a manifest injustice. The trial court denied Davis' motion to withdraw his guilty plea on July 6, 1998. Davis filed his notice of appeal on August 3, 1998, within the thirty days provided by App. R. 4(A). Therefore, we find that Davis timely filed this appeal and that we may address the merits of Davis' assignment of error.
Due process requires that a legally incompetent defendant shall not be subjected to trial. See Pate v. Robinson (1966),383 U.S. 375; and Drope v. Missouri (1975), 420 U.S. 162. InPate, supra, the United States Supreme Court held that a trial court's failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives the defendant of the right to a fair trial. In Dusky v. United States (1960),362 U.S. 402, the United States Supreme Court set forth the test to determine whether a defendant is competent to stand trial, stating that "* * * the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.' " See, also, Drope, supra, 420 U.S. at 172. The right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains "sufficient indicia of incompetence," such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial. State v. Berry (1995),72 Ohio St.3d 354, 359, motion for reconsideration denied 73 Ohio St.3d 1428, certiorari denied 516 U.S. 1097, citing Drope
and Pate, supra; State v. Bock (1986), 28 Ohio St.3d 108,110.
In Ohio, R.C. 2945.37 protects the right of a criminal defendant not to be tried or convicted while incompetent. R.C.2945.37(A) provides, in part:
 In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. * * * If the issue is raised after trial has begun, the court shall hold a hearing on the issue only for good cause shown.
 A defendant is presumed competent to stand trial, unless it is proved by a preponderance of the evidence in a hearing under this section * * * that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his offense.
R.C. 2945.37(A) requires a trial court to hold a mid-trial hearing on the issue of competency "only for good cause shown." The statutory requirement mandating a showing of "good cause" has been construed in accordance with the general principles set forth in Drope and Pate, supra. See State v. Chapin (1981),67 Ohio St.2d 437, paragraph one of the syllabus. Pursuant to R.C. 2945.37(A), the issue of competency may be raised by the prosecution, the defense, or on the court's own motion. In assessing whether to sua sponte order a competency hearing, the trial court should consider "(1) doubts expressed by counsel as to the defendant's competence, (2) evidence of irrational behavior, (3) the defendant's demeanor at trial, and (4) prior medical opinion relating to competence to stand trial." Statev. Corethers (1993), 90 Ohio App.3d 428, 433, citingDrope, supra, at 177, fn. 12, and at 180; State v. Rubenstein,40 Ohio App.3d 57, 61. The determination whether to conduct a mid-trial competency hearing is normally a matter committed to the sound discretion of the trial court. See State v. Rahman
(1986), 23 Ohio St.3d 146, 156.
Davis argues that the trial court should have sua sponte
ordered a competency hearing at his plea hearing because Davis: (1) waited until six months after the trial court determined that he was competent to stand trial to enter his guilty plea; (2) received psychotropic medication; and (3) obtained Social Security disability for his mental condition.
Although six months passed between Davis' competency hearing and the plea hearing, the record contains no evidence to suggest that Davis' demeanor at the plea hearing should have caused the trial court to doubt Davis' ability to enter a plea. Davis' counsel initially raised the issue of Davis' competence to stand trial when Davis entered his plea of not guilty by reason of insanity. Davis' counsel requested, and obtained, court orders for a second and third evaluation of Davis, then stipulated to Dr. Kavak's evaluation of him for the basis of the court's determination as to whether Davis was competent to stand trial. We find the fact that Davis' counsel did not express any reservations about Davis' competence at the plea hearing, in light of her requests for numerous mental evaluations, strongly persuasive that she believed Davis competent to enter a guilty plea.
The record does not contain any evidence that Davis' psychotropic medication caused him to behave irrationally. As we stated in Davis' first assignment of error, the trial court's dialogue with Davis showed that Davis entered his plea knowingly, intelligently, and voluntarily. Davis' treatment with psychotropic drugs, standing alone, did not compel the trial court to find him incompetent. See McCabe, supra. Indeed, the record reflects that Davis' psychotropic medication, while causing some side effects, actually provided him with the cognitive abilities necessary to render him competent to stand trial.
Finally, the fact Davis receives Social Security benefits does not support his claim that he was incompetent to enter his plea. Incompetency is not the same as mental or emotional disability. State v. Bock (1986), 28 Ohio St.3d 108, 110. Even a person inflicted with mental or emotional disability may possess the ability to understand the charges rendered against him and assist in his defense. Id. The trial court found Davis competent to stand trial based upon Dr. Kavak's evaluation. Davis' conduct at the plea hearing demonstrated that he understood the charges and spoke with his counsel regarding his case numerous times. Thus, the trial court did not err by failing to conduct a competency hearing sua sponte.
We find that the trial court did not abuse its discretion failing to order another competency hearing at Davis' plea hearing because we find no "sufficient indicia of incompetency" or "good cause shown." The record contains no evidence from which we could infer that the trial court breached its duty to Davis by failing to order a mid-trial competency hearing. Therefore, the trial court did not abuse its discretion in accepting Davis' guilty plea without conducting a hearing as to his competency to stand trial. As such, we find that Davis failed to meet his burden of showing that the trial court's failure to hold a competency hearing gave rise to manifest injustice. Accordingly, we overrule Davis' second assignment of error.
 IV.
In his third assignment of error, Davis contends that his trial counsel was ineffective, creating a manifest injustice which the trial court must now remedy by allowing him to withdraw his guilty plea. Davis asserts a sundry list of prejudices he suffered due to the deficient representation of his trial counsel, including her failure to: (1) move for a competency hearing when Davis entered his guilty plea, (2) file a motion to suppress Davis' confession; (3) subpoena a psychiatrist who would provide favorable testimony about Davis.
Initially, we note that the trial court did not specifically address Davis' assertion of ineffective assistance of counsel in its decision and judgment entry overruling his Crim.R. 32.1 motion. We therefore presume that the trial court overruled Davis' claims to ineffective assistance of counsel. Newman v.Al Castrucci Ford Sales, Inc. (1988), 54 Ohio St.3d 166, 169.
In his brief to the trial court, Davis only raised the issue that his trial counsel was ineffective because she told him that he was not eligible for probation if he pled guilty to rape. Davis did not argue that his counsel was deficient for failing to: (1) move for a competency hearing at his plea hearing, (2) file a motion to suppress his confession, or (3) subpoena a specific psychiatrist at the trial level. As Davis did not raise these issues during the trial court proceedings, we need not address these issues. It is well-settled that an appellate court may disregard issues that an appellant failed to raise in the trial court. See, e.g., State v. Williams
(1977), 51 Ohio St.2d 112, paragraph two of the syllabus. See, also, Egan v. National Distillers Chemical Corp. (1986),25 Ohio St.3d 176, 177. Furthermore, as Davis did not argue on appeal that his trial counsel misrepresented his potential sentence upon entering a plea, we do not address that argument. Accordingly, we overrule Davis' third assignment of error.
 VI.
In conclusion, we find that the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea because Davis failed to prove that his guilty plea was not knowingly, intelligently, and voluntarily made, or show good cause for the trial court to hold a mid-trial competency hearing. We decline to review Davis' arguments that his trial counsel was ineffective because Davis raised these new arguments for the first time on appeal. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
 For the Court BY: ________________________ Roger L. Kline, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.