JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Billy Rogers, appeals from the sentences imposed by the Cuyahoga County Court of Common Pleas, in which he received the maximum sentence allowed by law.
{¶ 2} Rogers was indicted in two separate cases. In CR-409223, he was indicted in violation of R.C. 2925.11, possession of drugs. In CR-410511, he was indicted on five separate counts: the first count charged aggravated arson, in violation of R.C. 2909.02; the second count charged burglary, in violation of R.C. 2911.12; and the third, fourth and fifth counts charged theft, in violation of R.C. 2913.02.
{¶ 3} On August 29, 2001, the day of trial, Rogers entered into a plea agreement with the State. In CR-409223, he entered a plea of guilty to an amended count of attempted possession of drugs, a misdemeanor of the first degree. In CR-410511, he entered pleas of guilty to count one, aggravated arson, a felony of the second degree, to an amended count three, attempted theft, a misdemeanor of the first degree, and to count four, attempted theft, a misdemeanor of the first degree. In return for agreeing to enter guilty pleas to those charges, the State agreed to dismiss count two, burglary, and count five, theft.
{¶ 4} The trial court accepted Rogers' pleas of guilty to the above-stated charges and immediately proceeded to sentencing. In CR-409223, he was sentenced to six months in jail for attempted possession of drugs as amended. In CR-410511, the trial court sentenced him to eight years on count one, aggravated arson; to six months on count three, attempted theft; and to six months on count four, attempted theft, with all counts to run concurrent to one another.
{¶ 5} It is from these sentences that Rogers now appeals. For the following reasons, the appellant's appeal is not well taken.
{¶ 6} The appellant asserts two assignments of error for this court's review. His first assignment of error states:
 {¶ 7} I. THE TRIAL COURT IMPROPERLY SENTENCED THE APPELLANT TO THE MAXIMUM SENTENCE FOR AGGRAVATED ARSON WHERE THE RECORD DOES NOT SUPPORT THE COURT'S FINDINGS PURSUANT TO R.C. 2929.14(C).
{¶ 8} In his first assignment of error, the appellant asserts that the trial court erred in sentencing him to the maximum allowable sentence by failing to find that he committed the worst form of the offense and posed the greatest likelihood of recidivism. In reviewing the sentencing transcript, it is clear that the appellant's assignment of error is without merit.
{¶ 9} An appellate court may only reverse a sentence if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. In this case, the maximum prison sentence could only be imposed if the appellant was among the offenders who committed the worst forms of the offense or who posed the greatest likelihood for committing future crimes. R.C. 2929.14(C). When the trial court imposes the maximum prison term, it shall state on the record the reasons for imposing the maximum sentence. R.C. 2929.19(B). To impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, Ohio App. Lexis 5201, State v. Beasley (Jun. 11, 1998), Cuyahoga App. No. 72853, Ohio App. Lexis 2597. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. See Id., State v. Assad
(Jun. 11, 1998), Cuyahoga App. No. 72648, 72649, Ohio App. Lexis 2598,State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, Ohio App. Lexis 4160, State v. Fincher (Oct. 14, 1997), Franklin App. No. 97 APA03-352, Ohio App. Lexis 4623.
{¶ 10} At sentencing, the trial court clearly stated its reasons for sentencing the appellant to the maximum allowable sentence, in accordance with R.C. 2929.14(C). In sentencing the appellant to eight years in prison for arson, the trial court stated that the appellant committed the worst form of the offense and posed the greatest likelihood of recidivism. The trial court stressed that the appellant set fire to a home in a densely populated area and noted that the nature of the crime not only threatened the life of the home's occupant, but the occupant's property as well. Additionally, the court noted that in committing the crime, the appellant threatened those homes and businesses in close proximity. Last, the court was clearly disturbed by the appellant's indifference to the safety of the neighborhood. The fact that the appellant, after setting the fire, proceeded to a tavern located next door to have a drink clearly indicates his ruthless nature, which only further supports the trial court's determination that the appellant committed the worst form of the offense.
{¶ 11} In further support of imposing the maximum sentence, the trial court stated that the offender posed the greatest likelihood of recidivism and based this reasoning on the fact that the appellant is a habitual offender with an extensive history of incarceration. Moreover, the trial court noted that the appellant had just been released from prison when he committed the instant crimes. Clearly, the appellant had made no effort to stop committing crimes.
{¶ 12} In light of the above, it is abundantly clear that the trial court satisfied the requirements of R.C. 2929.14(C) in sentencing the appellant to the maximum allowable sentence. The appellant's disregard for the safety of others in committing the crime of arson, coupled with his clear intent not to cease committing crimes, provided ample basis for the trial court's sentence. As such, the appellant's first assignment of error is without merit.
{¶ 13} The appellant's second assignment of error states:
 {¶ 14} II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN THE COURT DENIED THE APPELLANT'S REQUEST FOR A PSYCHOLOGICAL EVALUATION FOR SENTENCING PURPOSES.
{¶ 15} The appellant argues that the trial court committed an abuse of discretion by failing to order a psychiatric evaluation of the appellant prior to sentencing. This assignment of error is without merit.
{¶ 16} An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark, 71 Ohio St.3d 466, 470, 1994-Ohio-43;State v. Moreland (1990), 50 Ohio St.3d 58, 61; State v. Adams (1980),62 Ohio St.2d 151, 157. In order to have an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp.,75 Ohio St.3d 254, 256, 1996-Ohio-159. Moreover, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I
(1991), 57 Ohio St.3d 135, 138; Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
{¶ 17} First, the appellant concedes that there is no statutory mandate which entitles the defendant to a psychological evaluation prior to sentencing. Moreover, a defendant has no absolute right to an independent psychiatric evaluation. State v. Marshall (1984),15 Ohio App.3d 105, 107; See also, State v. Weeks (1989),64 Ohio App.3d 595. The appellant argues that the trial court should have ordered a psychological evaluation prior to sentencing due to a vehicle accident that the appellant was involved in at a younger age. The appellant alleges that because of this accident, he has had a history of mental imbalance. Notably, the appellant provides no medical evidence supporting this allegation but for the testimony of his sister, Melinda Rogers, who testified that the appellant suffers from behavior problems when he is drinking. Granted, the evidence reflects that the appellant may suffer from alcohol abuse; nevertheless, this court cannot agree with the appellant's assertion that the trial court abused its discretion in failing to order a psychological evaluation prior to sentencing.
{¶ 18} The appellant has failed to present any type of medical evidence that would warrant a reversal of the trial court's determination. The trial court did not err in denying the appellant's request for a psychological evaluation. As such, the appellant's second assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Case remanded for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES D. SWEENEY, J., CONCUR.