JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jephthah Jackson ("appellant") appeals from the trial court's decision. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand to the trial court.
 I. {¶ 2} The facts in the case sub judice show that appellant, his brother, and the victim were watching television and drinking beer at appellant's brother's house. Appellant and the victim were bantering back and forth until the victim insulted the appellant. Appellant rose from his chair and asked the victim to hand him the beer he had been holding. When the victim did so, appellant took the beer, turned away and put the beer down, then turned back to the victim and punched him directly in the face. Appellant struck the victim's eye with such force that the victim claimed to have heard his eye pop when appellant punched him. Appellant then struck a second time, breaking the victim's nose. He then ordered the victim to leave the house.
 {¶ 3} The victim went home and slept. The following day, persistent bleeding from his nose brought him to the hospital. He originally told the medical personnel that he sustained his injuries after being attacked by three unknown assailants. Doctors examined and then operated on the victim's eye, but were unable to save it.
 {¶ 4} According to the case, on March 8, 2000, the Cuyahoga County Grand Jury returned a one-count indictment alleging felonious assault, R.C. 2903.11, against appellant. A trial commenced in September 2000. Appellant was subsequently found guilty and sentenced to eight years in prison. He initially appealed his conviction, and in September 2001, this honorable court reversed and remanded the case. A new trial commenced on February 10, 2003, after which appellant was found guilty of felonious assault by the jury. Appellant was, once again, sentenced to eight years and now appeals.
 II. {¶ 5} Appellant's first assignment of error states: "The trial court erred by failing to hold a hearing determining that the defendant's competency had been restored prior to trial."
 {¶ 6} Incompetency is defined in Ohio as the defendant's inability to understand "* * * the nature and objective of the proceedings against him or of presently assisting in his defense." R.C. 2945.37(A). Disposition of defendant after competency hearing; treatment and evaluation orders, R.C. 2945.38(H), states the following:
{¶ 7} "(H) If a defendant is committed pursuant to division (B)(1) ofthis section, within ten days after the treating physician of thedefendant or the examiner of the defendant who is employed or retained bythe treating facility advises that there is not a substantial probabilitythat the defendant will become capable of understanding the nature andobjective of the proceedings against the defendant or of assisting in thedefendant's defense even if the defendant is provided with a course oftreatment, within ten days after the expiration of the maximum time fortreatment as specified in division (C) of this section, within ten daysafter the expiration of the maximum time for continuing evaluation andtreatment as specified in division (B)(1)(a) of this section, withinthirty days after a defendant's request for a hearing that is made aftersix months of treatment, or within thirty days after being advised by thetreating physician or examiner that the defendant is competent to standtrial, whichever is the earliest, the court shall conduct another hearingto determine if the defendant is competent to stand trial and shall dowhichever of the following is applicable:
 {¶ 8} "(1) If the court finds that the defendant is competent to standtrial, the defendant shall be proceeded against as provided by law.
 {¶ 9} "(2) If the court finds that the defendant is incompetent tostand trial, but that there is a substantial probability that thedefendant will become competent to stand trial if the defendant isprovided with a course of treatment, and the maximum time for treatment asspecified in division (C) of this section has not expired, the court,after consideration of the examiner's recommendation, shall order thattreatment be continued, may change the facility or program at which thetreatment is to be continued, and shall specify whether the treatment isto be continued at the same or a different facility or program. * * *"
 {¶ 10} According to the history of the case sub judice, this case was previously remanded and the trial court found appellant incompetent to stand retrial. The trial court committed appellant for treatment, butfailed to make any finding that he had been restored to competency beforecommencing with the retrial.
 {¶ 11} The appellate court file contains a letter from a psychologist attesting to appellant's competency, but that letter was not filed with the clerk of the court so as to be a part of the record. The state asked to supplement the record on appeal with a letter. Prior to oral argument, we temporarily remanded the case with orders for the trial court to say whether it considered these documents. The trial court returned the file to this court without making any findings. We therefore denied the motion to supplement the record. Consequently, the current record on appeal contains nothing to show that appellant had been restored to competency.
 {¶ 12} In addition, defense counsel raised the issue of competency when he stated appellant's behavior was essentially the same as it was prior to the referral. Upon hearing this, the court should have conducted a hearing to restore competency pursuant to the mandates of R.C.2945.38(H).
 {¶ 13} As previously noted, R.C. 2945.38(H) states that after receiving notice that the defendant is capable of attending trial, "the court shall conduct another hearing to determine if the defendant iscompetent to stand trial * * *." (Emphasis added.) The use of the word "shall" indicates that the hearing to restore competency is mandatory. By failing to hold a hearing, the court erred. See State v. Corethers
(1993), 90 Ohio App.3d 428.
 {¶ 14} Appellant's first assignment of error is sustained.
 {¶ 15} Appellant's second assignment of error states: "The evidence was insufficient to support a finding of guilt as to the charge of felonious assault because appellant did not know that his conduct could cause serious physical harm." Appellant's third assignment of error states: "The conviction of appellant is against the manifest weight of the evidence."
 {¶ 16} Based on our disposition of the first assignment of error, the issues raised in appellant's second and third assignments of error are moot. App.R. 12(A)(1)(c).
 {¶ 17} Judgment is reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J. and Blackmon, J., Concur.