THE STATE, EX REL. BROWN, ATTY. GENL., *v.* BEARD ET AL.

(No. 76-640—Decided December 22, 1976.)

*Mr. William J. Brown,* attorney general, *Mr. Thomas R. Anderson* and *Ms. J. Elaine Bialczak,* for relator.

*Messrs. Peck, Shaffer & Williams, Mr. John M. Anderson* and *Mr. Harry C. Niehoff,* for respondents.

*Per Curiam.* The issue presented is whether respondents' actions with respect to the issuance and sale of revenue bonds herein constitute a lending of the state's credit in violation of Section 4, Article VIII of the Ohio Constitution.

Section 4, Article VIII, provides that "[t]he credit of the state shall not, in any manner, be given or loaned to, or in aid of, any individual association or corporation whatever; nor shall the state ever hereafter become a joint owner, or stockholder, in any company or association in this state, or elsewhere, formed for any purpose whatever." In *State, ex rel. Saxbe,* v. *Brand* (1964), 176 Ohio St. 44, this court held that a loan to a private borrower of proceeds from the sale of revenue bonds by a state agency constitutes a prohibited giving or lending of the state's credit.

However, respondents urge that the law has been modified by the adoption of Section 13 of Article VIII of the Ohio Constitution in 1965, and, as amended, in 1974. Section 13 provides for certain exceptions from the lending-of-credit limitation of Section 4 of Article VIII. Its stated purpose is "[T]o create or preserve jobs and employment opportunities, to improve the economic welfare of the people of the state * * * to acquire, construct, enlarge, improve or equip, and to sell, lease, exchange, or otherwise dispose of property, structures, equipment, and facilities within the state of Ohio for industry, commerce, distribution, and research, to make or guarantee loans and to borrow money and issue bonds or other obligations to provide moneys for the acquisition, construction, enlargement, improvement, or equipment, of such property, structures, equipment and facilities."

Respondents contend that "when it gives financial assistance to the private building industry for the preservation of the jobs and creation of new equipment," its actions fall within the stated purpose of Section 13 because they are designed to improve the "economic welfare of the people." This language, however, is prefatory and must be evaluated in light of the specific thrust of the provision that the excepted state credit be "for industry, commerce, distribution, and research." The actions of the board herein, relating to issuance of revenue bonds for moderate and low cost housing, are not directly related to those specific purposes enumerated in Section 13 and must fail. To hold

otherwise would render ineffective the provisions of Section 4 of Article VIII. Further, this court rejects respondents' argument that moderate and low cost housing is related to industry and commerce to such an extent as to fall within either of those constitutionally designated categories.

For reason of the foregoing, the actions of respondents herein are in violation of Section 4, Article VIII of the Ohio Constitution, and are therefore invalid.

Relator's motion for summary judgment is granted, and the writ prayed for is allowed.

*Writ allowed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., would dismiss this action for the reason that it is not one properly brought in quo warranto.