JOURNAL ENTRY and OPINION
Defendant-appellant William Bailey appeals from his conviction for theft after a jury trial.
Appellant asserts in his three assignments of error that the trial court erred both in failing to order a competency hearing for him and in sentencing him. Appellant also asserts his trial counsel was ineffective, contending counsel neglected to bring the matter of appellant's competency to the attention of the trial court and pursued a strategy that admitted appellant's guilt of a crime.
This court has examined the record in light of appellant's assertions. Although no error was committed by either the trial court or defense counsel with regard to the issue of appellant's competency, and counsel's strategy was reasonable, no basis exists for the trial court's decision with regard to the sentence imposed. Appellant's conviction, therefore, is affirmed, but appellant is ordered discharged.
Appellant's conviction stems from an incident that occurred in the evening hours of November 18, 1998. Cleveland taxicab driver Dwayne Smith received a call that a customer named "Ricardo"[1] was waiting at Metro Hospital. Smith proceeded to the location and observed a man, later identified as appellant, standing outside.
Smith stopped his taxicab and inquired of appellant if he were "Ricardo." Appellant assented, then told Smith to "take him to 30th and Cedar." Upon their arrival in that area, appellant reached over the front seat, placed the gearshift of the taxicab in the "park" position, placed his hand in his pocket and held it up to Smith's head as if he had a gun in his hand, and demanded Smith's money.
Smith obeyed, giving appellant "a $5 bill and fifteen 1s." Appellant told Smith to exit the taxicab. When Smith had done so, appellant "jumped in the driver's seat" and appeared to consider driving away. However, he "changed his mind," told Smith to "move," then "took off running."
Smith re-entered his taxicab and followed. Approximately a "block and a half" away, he noticed a group of police officers with their vehicles in a parking lot. As Smith stopped to explain to some of the officers what had happened, he observed appellant "running through the background."
Appellant slackened his pace to a walk when he noticed the police presence; therefore, he easily was stopped. A pat-down search resulted in the discovery of Smith's money but no weapon. Appellant thereupon was arrested and informed of his constitutional rights.
One of the police officers, Det. Robert Venables, asked appellant his name. Appellant responded, "three hots and a cot." Venables understood appellant's answer to mean he was homeless. Appellant expanded on his response as he was being escorted to a police vehicle, commenting loudly enough for Sheriff's Deputy Don Andree to hear, "You got me. * * * [B]eing in jail is better than being on the street in the wintertime."
Appellant subsequently was indicted on one count of aggravated robbery, R.C. 2911.01. The indictment carried two notices of prior convictions for the offenses of robbery and burglary. It also carried two repeat violent offender specifications. Appellant entered a plea of not guilty to the indictment and was assigned counsel to represent him.
Appellant's case proceeded to a jury trial. Prior to opening arguments, the prosecutor notified the trial court that defense counsel's previously-filed motion had brought to her attention the fact that the specifications included in the indictment were inappropriate. The prosecutor therefore requested the trial court to remedy the problem by dismissing the specifications. The trial court agreed.
Following the presentation of the evidence, the jury found appellant not guilty of aggravated robbery but guilty of the lesser-included offense of theft, R.C. 2913.02.
The trial court immediately sentenced appellant to a term of incarceration of six months and ordered appellant to pay a fine of $750.00. Appellant expressed gratitude at this outcome of the proceedings.
Appellant subsequently filed a timely appeal of his conviction, presenting three assignments of error for review. Although appellant has served his sentence, the record reflects the fine assessed against him remains outstanding; therefore, his appeal is not moot. See, e.g., Cleveland v. Mell (Feb. 15, 1996), Cuyahoga App. No. 69041, unreported; cf., State v. Wilson (1975), 41 Ohio St.2d 236, syllabus; Cleveland v. Somerfield (Sep. 2, 1999), Cuyahoga App. No. 73822, unreported.
Appellant's first assignment of error states:
 THE COURT ABUSED ITS DISCRETION BY FAILING TO ORDER A COMPETENCY HEARING FOR APPELLANT THEREBY DEPRIVING HIM HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ART. I, § 16 OF THE OHIO CONSTITUTION AND R.C. 2945.37.
Appellant argues his actions in committing the offense were so unusual as to place the trial court on notice that an evaluation of appellant's competence to stand trial should have been conducted. This argument has no merit.
R.C. 2945.37(B) permits either the trial court, the prosecutor or the defense to raise the issue of the defendant's competence to stand trial. A defendant is presumed competent unless he is demonstrably incapable either of understanding the nature and objective of the proceedings against him or of presently assisting his defense. R.C. 2945.37(G).
In determining whether a trial court has a duty to order a competency hearing sua sponte, the following considerations are relevant: (1) doubts expressed by defense counsel as to his client's competence; (2) evidence of irrational behavior; (3) defendant's demeanor at trial; and (4) any prior medical opinions concerning the defendant relating to the issue. State v.Rubenstein (1987), 40 Ohio App.3d 57, 61; State v. Corethers
(1993), 90 Ohio App.3d 428. The trial court does not commit error when the record fails to reveal any indicia of incompetency. Statev. Bock (1986), 28 Ohio St.3d 108 at 110.
Although appellant contends the circumstances of his commission of the offense and his subsequent arrest raised a question concerning the rationality of his behavior, the record does not support this contention. Rather, the evidence proves appellant's behavior was completely logical, obviously calculated and, further, directed toward what was, to him, a desirable goal.
Appellant committed the offense by seeking out a nonthreatening victim and placing the victim in a situation that would maximize appellant's chances of success. Appellant also took actions that minimized the consequences to himself since he carried no real weapon, did not physically harm the victim, took only $20, and decided not to commit the greater offense of stealing the taxicab. Appellant then permitted himself to be apprehended. He did so precisely because it was late November. As appellant was homeless, "being in jail [was] better than being on the street" at that time of year.
Furthermore, at trial, appellant was well behaved and polite.State v. Chapin (1981), 67 Ohio St.2d 437; State v. Rahman (1986),23 Ohio St.3d 146. During his sentencing, he expressed gratitude both at the favorable verdict rendered by the jury and the fact that he would be in jail for only six months.
Since the record conclusively demonstrates appellant understood the nature of the proceedings against him and assisted in his own defense, the trial court did not err in failing to order a competency evaluation. State v. Bock, supra; State v. Spirko (Mar. 6, 1989). Van Wert App. No. 15-84-22, unreported (affd, State v.Spirko [1991], 59 Ohio St.3d 1); State v. Johnson (Mar. 29, 1990). Cuyahoga App. No. 56808, unreported; State v. McCallister (Jan. 10, 1996), Summit App. No. 17088, unreported; cf., State v. Corethers,supra; State v. Archie (Sep. 27, 1990), Franklin App. No. 89AP-804, unreported.
Accordingly, appellant's first assignment of error is overruled.
Appellant's second assignment of error states:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. I, § 10 OF THE OHIO CONSTITUTION.
Appellant argues his trial counsel was ineffective for his failure to raise the issue of competency and his failure to raise a more vigorous defense to the charge. This court disagrees.
In Ohio, a properly licensed attorney is presumed competent.State v. Smith (1985), 17 Ohio St.3d 98. One claiming ineffective assistance of counsel bears the burden of demonstrating the following:viz.; (1) there has been a substantial violation of an essential duty owed to him by counsel, and (2) he has been thereby prejudiced. State v. Lytle (1976), 48 Ohio St.2d 291 [48 Ohio St.2d 391]; State v. Bradley (1989), 42 Ohio St.3d 136, citing Strickland v. Washington (1984), 466 U.S. 668; see, also,State v. Smith, supra. This court will not second-guess what could be considered to be a matter of trial strategy. Id. Moreover, the establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra,
syllabus 3.
The record of this case with regard to trial counsel's actions fails to demonstrate his performance fell below an objective standard of reasonableness.
First, in view of the lack of any indicia demonstrating the issue of appellant's competency should have been raised, counsel cannot be faulted for his omission in this regard. State v.Rubenstein, supra; State v. Seiber (June 8, 1989), Franklin App. No. 87AP-530, unreported (affd., State v. Seiber [1990], 56 Ohio St.3d 4); cf., State v. Brown (1992), 84 Ohio App.3d 44 [84 Ohio App.3d 414]; State v. Archie, supra.
Second, a review of the record demonstrates counsel was a well-prepared and effective advocate for his client. Counsel's motion to dismiss the specifications improperly included on the indictment was successful. Similarly, counsel's trial strategy, which focused on the inability of the state to establish all the elements of aggravated robbery, also was successful. In view of appellant's oral admissions of guilt to the arresting officers, counsel's trial strategy was reasonable.
Appellant thus cannot demonstrate that his trial counsel failed in an essential duty owed. Therefore, appellant cannot sustain his burden to prove trial counsel was ineffective. Statev. Bradley, supra.
Appellant's second assignment of error, accordingly, is also overruled.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT FOR THE FIRST DEGREE MISDEMEANOR.
Appellant argues his sentence was improper, contending the record fails to reflect the trial court considered the appropriate statutory factors prior to imposing sentence.
The trial court imposed sentence in this case on March 2, 1999. Appellant thereafter filed no stay of the execution of this sentence in either the trial court or this court. Appellant's appeal was scheduled to be heard on April 12, 2000. This court must presume in the absence of any evidence to the contrary that appellant already has served his term of incarceration; hence, that issue is moot. State v. Wilson (1987), 29 Ohio St.3d 3; MiddleburgHeights v. Zanney (Mar. 3, 1998), Cuyahoga App. No. 72784, unreported. However, since the record reflects appellant has not yet satisfied the fine imposed upon him by the trial court, this court will address that portion of appellant's argument, which is persuasive.
R.C. 2929.22 states in pertinent part:
§ 2929.22 Imposing sentence for misdemeanor.
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 (B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for a misdemeanor:
(1) The offender is a repeat or dangerous offender.
 (2) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 (C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered
against imposing imprisonment for a misdemeanor.
 (D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor.
 (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 (F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense.
(Emphasis added.)
Appellant's sentencing hearing consisted of the following proceedings:
THE COURT: Is your client currently serving a sentence?
 MR. KELLEHER: He was on parole at the time of the arrest, so he is actually on a detainer from the state.
THE COURT: Okay.
 MR. KELLEHER: He is not — so technically he is serving — I mean, his time is also —
THE COURT: So your parole has been revoked?
DEFENDANT: No. I got violated because of this.
 THE COURT: Okay. Anything you want to say before I proceed to sentencing?
 MR. KELLEHER: Not really. These facts are so fresh, Judge. There's really no need.
THE COURT: Okay. And anything you wish to say, sir?
DEFENDANT: Thank God. And I'm sorry.
THE COURT: You are a very lucky man.
DEFENDANT: Yeah.
 THE COURT: You are sentenced to six months incarceration in county jail. Costs are imposed. You are to repay Cuyahoga County the cost of assigned counsel for which the Court is assessing a fine of $750. The sentence is to be served prior to, that means after, any parole violation or sentence imposed in Case 311590.
Good luck.
From the foregoing, it is clear the trial court had neither a statutory nor a factual basis upon which to justify its imposition of a fine upon appellant. Appellant was, as a matter of record, declared indigent, and no finding was made to the contrary at the time of sentencing. State v. Giannini (Dec. 11, 1998), Mahoning App. No. 97 C.A. 254, unreported; cf., State v. Radcliff (Mar. 17, 1998), Franklin App. Nos. 97APA08-1054, 1056, unreported. On the record, therefore, this court cannot clearly and convincingly find that the trial court's sentence is supported. State v. Grundy
(Dec. 9, 1998), Summit App. No. 19016, unreported.
Appellant's third assignment of error, therefore, is sustained.
Pursuant to this court's authority as set forth in R.C.2953.08(G)(1)(a), appellant's conviction is affirmed, but appellant is ordered discharged from his obligation to pay the fine imposed by the trial court.
Judgment accordingly.
It is ordered that appellee and appellant share equally in the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and PATRICIA BLACKMON, J. CONCUR.
 ________________________ JUDGE, KENNETH A. ROCCO
[1] Quotes indicate testimony given by a witness at appellant's trial.