OPINION
Defendant, Ricky Nickels, appeals from his conviction and sentence for corruption of a minor., Defendant was indicted on two counts of Rape, R.C. 2907.02, one count of Gross Sexual Imposition, R.C. 2907.05, and one count of Sexual Imposition, R.C 2907.06. Defendant requested a competency examination, which the trial court ordered. Following a hearing, the trial court found Defendant competent to stand trial.
Pursuant to a negotiated plea agreement, Defendant subsequently entered guilty pleas to two counts of Corruption of a Minor, R.C. 2907.04, in exchange for a dismissal of the other charges. The trial court sentenced Defendant to eighteen months imprisonment on each count, the sentences to be served consecutively. The court also fined Defendant $2,500 on each count and classified him as a sexually-oriented offender., Defendant has timely appealed to this court from his conviction and sentence. Appellee, the State of Ohio, has neglected to file a brief in opposition.
FIRST ASSIGNMENT OF ERROR
 APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE ONE, SECTION 10 OF THE OHIO CONSTITUTION.
In order to demonstrate that he received ineffective assistance from his counsel at trial, Defendant must meet the two prong test in Strickland v. Washington (1984), 466 U.S. 688. First, Defendant must show that his counsel's performance fell below an objective standard of reasonable representation; in other words, that there was a substantial violation of counsel's essential duties to his client. Strickland, supra; State v. Lytle (1976), 48 Ohio St.2d 291.
Next, Defendant must demonstrate prejudice, by showing a reasonable probability that but for counsel's violation of his duties, the outcome of the trial would have been different. Strickland, supra; State v. Bradley (1989), 42 Ohio St.3d 136. Judicial scrutiny of counsel's performance must be highly deferential. The court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id., Defendant argues that his trial counsel failed to provide reasonable representation at the competency hearing because he did not adequately cross-examine or rebut testimony by a psychologist that Defendant is competent to stand trial. The psychologist, Dr. Gibeau, testified that he conducted a clinical interview of Defendant, reviewed records in the court file, and administered three tests to Defendant: a competency test, an intelligence test, and the MMPI-II personality test. Dr. Gibeau found Defendant competent to stand trial based upon several factors. Defendant's low scores on the competency test were inconsistent with his previous experience with the criminal justice system. Defendant's intelligence test results demonstrate that he should be able to understand. And, Defendant's MMPI-II test results demonstrate that Defendant fakes his answers to exaggerate his inability to understand.
According to Dr. Gibeau, Defendant was able to remember and provide extensive information in areas where it suited his purposes, but he minimized in areas that might be damaging to him. Integrating Defendant's test results with his clinical history, as related by Defendant and the available records, Dr. Gibeau concluded that Defendant was malingering on all three tests. This conclusion formed part of the basis for Dr. Gibeau's finding that Defendant is competent to stand trial.
Defense counsel did challenge Dr. Gibeau's findings during cross-examination by eliciting testimony that Dr. Gibeau had not reviewed any medical or mental health treatment records for Defendant. Dr. Gibeau noted, however, that he found no indications of any severe mental illness, only a personality disorder that would not incapacitate Defendant's ability to understand and make decisions. Defense counsel also questioned Dr. Gibeau regarding what effect on his findings Defendant's previous drug usage and childhood head injury might have. Dr. Gibeau responded that these factors were too remote in the past to be significant.
Defense counsel further brought out during cross-examination that Dr. Gibeau tested Defendant for only one and one-half hours, that Defendant scored poorly on the competency test, and that his intelligence test results demonstrate that he is a slow learner. Dr. Gibeau pointed out that while Defendant is slow, he nevertheless has the ability to understand and learn. Dr. Gibeau further explained that he found Defendant competent to stand trial despite his low competency score due to Defendant's results on other tests, the fact he understands matters which help him but does not understand things which hurt him, and Defendant's tactic of faking responses on all three tests in order to make it appear that his ability to understand is less than it really is., Defendant also complains that defense counsel failed to introduce any records or witnesses pertaining to Defendant's mental health, drug usage, or childhood head injury.
However, Defendant has not identified what, if any, specific records were available, or what their content is, or how that evidence would have benefitted Defendant had it been introduced at the competency hearing. No deficient performance by defense counsel in that regard is demonstrated.
Defendant also complains that defense counsel was ineffective for failing to request appointment of an expert to assist him in preparing his cross-examination of Dr. Gibeau. Had Dr. Gibeau been a witness for the State, Defendant would have had the right to the assistance of his own expert. However, Dr. Gibeau was appointed by the court, so that particular right did not attach. Beyond that, we do not know how, specifically, an expert would have assisted defense counsel or what benefit could have accrued to Defendant that he was denied because his attorney did not make the request. Absent that showing, the prejudice which an ineffective assistance of counsel claim requires is not demonstrated., Defendant further complains that defense counsel failed to prevent the trial court from accepting his guilty pleas in the face of claims by Defendant that he did not commit these offenses. A review of the record of Defendant's guilty pleas demonstrates that the trial court meticulously complied with Crim.R. 11(C)(2) in explaining Defendant's rights and accepting his guilty pleas as a part of a negotiated plea agreement. Defendant did not assert his innocence at that time. To the contrary, Defendant acknowledged that he was guilty of digitally penetrating the vagina of two young females, whom he knew were between 13-16 years of age, and were not his spouse. Defendant also acknowledged that no promises or threats had been made to him to induce his pleas, and that he was satisfied with his counsel's advice in this case. Accordingly, the trial court accepted Defendant's guilty pleas and referred the matter for a presentence investigation report.
At sentencing, the State raised the fact that Defendant had made statements which were recited in the presentence report claiming that he was innocent of these charges, and that the only reason he pled guilty was because his attorney had lied to him about his son being a witness for the State in this case. The trial court confronted Defendant with those statements, indicating that it could not accept his guilty plea if Defendant believed he was innocent. At that point Defendant retracted his claim of innocence by reaffirming for the trial court that he had committed the crimes involved and that he was satisfied with defense counsel's advice. The court then proceeded to impose sentence. On this record, no deficient performance by defense counsel has been demonstrated.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 IT WAS AN ABUSE OF DISCRETION FOR THE COURT TO ACCEPT APPELLANT'S WAIVER OF RIGHTS ENTERED CONTRARY TO LAW AND OHIO AND U.S. CONSTITUTIONAL REQUIREMENTS; MADE WITHOUT KNOWLEDGE, INVOLUNTARILY, AND NOT IN AN INTELLIGENT FASHION.
As he did in the previous assignment of error, Defendant complains that the trial court should not have accepted his guilty pleas when he asserted his innocence. Only in certain limited circumstances may a trial court properly accept a guilty plea made contemporaneously with a claim of innocence, North Carolina v. Alford (1970), 400 U.S. 25. However, the facts of this case do not present an Alford plea situation.
As we previously pointed out, Defendant made no protestations of innocence at the time he entered his guilty pleas. Rather, Defendant's claim that he pled guilty to crimes he did not commit was first made some days after he entered his guilty pleas, during statements he made in the presentence investigation. Under those circumstances, the trial court had no duty to inquire at sentencing why Defendant entered his guilty pleas. State v. Gales (1999), 131 Ohio App.3d 56.
The trial court did inquire on the record at sentencing about Defendant's claims. The trial court informed Defendant that it could not accept his guilty pleas in the face of claims that he did not commit these offenses and was tricked into pleading guilty by defense counsel who had lied to him. In response, Defendant immediately retracted his claims, saying that defense counsel had not lied to him, and he reaffirmed for the trial court that he did commit the offenses to which he pled guilty. Under those circumstances no error on the part of the trial court in accepting Defendant's guilty pleas has been demonstrated.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J., and YOUNG, J., concur.