OPINION
Defendant, Betty Phillips, appeals pro se from her conviction andsentence on three counts of theft of drugs.
On February 24, 2000, Defendant was indicted on three counts of theft of drugs in violation of R.C. 2913.02(A)(1). Defendant was arrested on May 5, 2000, pursuant to a warrant issued on the indictment. Defendant posted bail and was released from jail on May 9, 2000.
On July 7, 2000, Defendant filed a motion to suppress both physical evidence and her statements to police. On July 12, 2000, Defendant filed a waiver of her speedy trial rights. On September 21, 2000, a hearing was held on Defendant's motion to suppress. The trial court overruled Defendant's motion to suppress on November 2, 2000.
Thereafter, on February 9, 2001, Defendant entered into a negotiated plea agreement whereby in exchange for Defendant's no contest plea to all three charges the State recommended community control sanctions. As its explanation of the facts/circumstances, the State indicated that, while employed as a licensed practical nurse at Hospitality Home West nursing home in Xenia, Defendant on three separate occasions signed out Vicodin medication to be given to a patient but instead kept the medication herself. The trial court found Defendant guilty and subsequently sentenced her to five years of community control sanctions, which included six months in the county jail and a five hundred dollar fine.
From her conviction and sentence Defendant has timely appealed pro seto this court. The trial court suspended execution of Defendant'ssentence pending this appeal.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HER MOTION TO SUPPRESS.
Referring to Branch I of her motion to suppress, Defendant asserts that the State "did not have sufficient probable cause to justify her arrest or indictment."
On February 15, 2000, Det. Fred Meadows of the Xenia Police Department and Robert Burdick, an investigator for the Ohio Board of Pharmacy, went to Defendant's residence to speak with her about theft of drugs from the nursing home where Defendant was employed. Various pill bottles and documents were seized from Defendant's home by the investigators following their interview with Defendant.
In Branch I of her motion to suppress, Defendant asked the court to suppress all physical evidence recovered from her home on February 15, 2000, as a result of her arrest, on the theory that police lacked probable cause to arrest her. The trial court found that Defendant was not arrested on February 15, 2000, and therefore whether police possessed probable cause to arrest her at that time was irrelevant. Defendant was not taken into custody until May 5, 2000, when she was arrested pursuant to the indictment issued in this case.
In Branch II of her motion to suppress, Defendant argued that her statements she made to police on February 15, 2000, should be suppressed because she was not advised of her Miranda rights prior to beingquestioned. See Miranda v. Arizona (1966), 384 U.S. 436. In overrulingthis branch of Defendant's motion to suppress, the trial court found thatDefendant was not "in custody" or subjected to "custodial interrogation"on February 15, 2000, when she was questioned in her home by police, andthus the Miranda warnings were inapplicable. Id.
Although a hearing was held on Defendant's motion to suppress andevidence was adduced at that hearing, Defendant did not request orprovide this court with a record of that hearing for use in this appeal.Thus, there is nothing before this court to review in order to determinethe alleged error in the trial court's findings on the suppressionissues. Under those circumstances, we must presume the regularity andvalidity of the trial court's proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197.
Additionally, Defendant claims that the State's "discovery documents" do not constitute probable cause justifying her indictment. Defendant did not raise this claim or any similar claim in the trial court below, alleging a defect in the indictment or the institution of this prosecution. Hence, any error in that regard has been waived. Crim.R. 12(C), (H). Appellants cannot raise for the first time on appeal arguments not raised in the trial court below. State v. Schneider
(December 13, 1995), Greene App. No. 95CA18, unreported.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR DEFENDANT-APPELLANT'S COUNCEL (SIC) WAS NOT THE COUNCEL (SIC) GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND WAS PREJUDICED THEREBY.
In order to demonstrate that she did not receive effective assistance from her counsel at trial, Defendant must meet the two prong test inStrickland v. Washington (1984), 466 U.S. 688. First, Defendant mustshow that counsel's performance fell below an objective standard ofreasonable representation; in other words, that there was a substantialviolation of counsel's essential duties to his client. Strickland,supra; State v. Lytle (1976), 48 Ohio St.2d 291. Next, Defendant mustdemonstrate prejudice, by showing a reasonable probability that but forcounsel's violation of his duties, the outcome of the trial would havebeen different. Strickland, supra; State v. Bradley (1989),42 Ohio St.3d 136. Judicial scrutiny of counsel's performance must be highly deferential. The court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id., Defendant argues that her trial counsel performed deficiently by failing to file a motion to dismiss this case based upon a violation of her speedy trial rights. A careful review of this record, however, fails to demonstrate a reasonable probability that such a motion, had one been filed, would have succeeded and resulted in Defendant's discharge pursuant to R.C. 2945.73.
The State was required to bring Defendant to trial in this case within two hundred seventy days after her arrest. R.C. 2945.71(C)(2). Defendant's no contest pleas were entered two hundred eighty days after her arrest. However, various events in this case extended the permissible time limits for bringing Defendant to trial.
First, we note that Defendant was held in jail in lieu of bail on these charges for only five days before she posted bail and was released. Thus, the triple count provisions of R.C. 2945.71(E) apply only to those five days Defendant was held in jail. Second, sixty-eight days after her arrest Defendant filed a waiver of her speedy trial rights that was unlimited in its duration. Furthermore, the time for trial was extended while Defendant's motion to suppress evidence was pending, one hundred eighteen days. R.C. 2945.72(E). Additionally, Defendant's motion for a continuance of the trial which the trial court granted also extended the time limits for trial. R.C. 2945.72(H).
In short, it is clear that Defendant's right to a speedy trial was not violated in this case because the delay in bringing Defendant to trial was justified by Defendant's own time waivers, motions and the hearings held thereon, those time periods not being chargeable to the State. The filing of a motion to dismiss on speedy trial grounds under these circumstances would have been a vain act on defense counsel's part. No deficient performance by defense counsel has been demonstrated.
Although Defendant's other argument regarding trial counsel's performance is confusing, she appears to be arguing that her counsel performed deficiently by not raising an issue that Defendant's arrest pursuant to the indictment was not supported by probable cause because the State's evidence, the documents provided by the State during discovery, is insufficient to warrant a prudent person in believing that she committed a crime and thus justify her indictment.
A review of the indictment in this case reveals that it includes all of the essential elements necessary to charge theft of drugs in violation of R.C. 2913.02(A)(1). Therefore, the arrest warrant issued upon that indictment was authorized by law. There is nothing in the record before this court which demonstrates any legitimate basis for challenging either the sufficiency of the indictment or Defendant's arrest thereon.
Although this record does not reflect what evidence the State presented to the grand jury to obtain Defendant's indictment, it can reasonably be assumed that the evidence consisted of much more than just the documents the State produced during discovery, which Defendant alleges were inaccurate and misleading. In the absence of any legitimate basis to challenge the sufficiency of the indictment or Defendant's arrest thereon, much less a showing that had such a challenge been made it probably would have succeeded, defense counsel's failure to raise such a challenge does not constitute deficient performance.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR DEFENDANT-APPELLANT'S RIGHT TO A SPEEDY TRIAL GUARANTEED BY THE U.S. AND OHIO CONSTITUTIONS WERE DENIED AND VIOLATED.
Defendant was arrested for these offenses on May 5, 2000. Her no contest plea was entered on February 9, 2001, two hundred eighty days later. Thus, Defendant argues that her speedy trial rights were violated because she was not brought to trial within two hundred seventy days after her arrest as R.C. 2945.71(C)(2) requires., Defendant has not asserted her speedy trial claim in a timely manner. R.C. 2945.73(B) requires claimed violations of speedy trial rights to be made "at or prior to the commencement of trial." Defendant's failure to raise any speedy trial issue in the trial court below precludes her from now raising that issue for the first time on appeal. State v. Black (Feb. 18, 2000),Montgomery App. No. 17384, unreported.
The third assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and YOUNG, J., concur.