[Cite as *In re C.B.*, 2012-Ohio-5143.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

IN THE MATTER OF:                                    CASE NO.  2-11-13

    C.B.,
                                             **O P I N I O N**

ADJUDICATED DELINQUENT CHILD.


IN THE MATTER OF:                                    CASE NO.  2-11-14

    C.B.,
                                             **O P I N I O N**

ADJUDICATED DELINQUENT CHILD.


**Appeals from Auglaize County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 2010 DEL 173 and 2010 DEL 154**

**Judgments Reversed and Causes Remanded**

**Date of Decision:  November 5, 2012**


**APPEARANCES:**

    *Amanda J. Powell*  **for Appellant**

    *Edwin Pierce and R. Andrew Augsburger*  **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant C.B., a minor child, brings these appeals from the judgments of the Court of Common Pleas of Auglaize County, Juvenile Division. The trial court found that C.B. had violated the terms of his community control and sentenced him to a minimum of six months in the custody of the Department of Youth Services ("DYS"). For the reasons set forth below, the judgments are reversed.

{¶2} On September 20, 2010, C.B. was charged with delinquency for committing what would be a gross sexual imposition in violation of R.C. 2907.05(A)(4) if he were an adult. He admitted to the offense and was adjudicated to be a delinquent on September 28, 2010. C.B. was thirteen years of age at the time and was not represented by counsel. On December 16, 2010, the trial court held a hearing on a claim that C.B. was delinquent for violating the terms of his community control for failing to follow basic directions at the West Central Rehabilitation Center. C.B. proceeded without counsel and entered an admission. He was subsequently found to be delinquent. The dispositional hearing was held on January 11, 2011, and C.B. was returned to the West Central Rehabilitation Center.

{¶3} On April 14, 2011, C.B. was again charged with delinquency for failing to comply with the terms of his community control. The complaint alleged

that C.B. was delinquent for committing criminal mischief. C.B. again proceeded without counsel and admitted to the allegation. Based upon the admission, C.B. was found to be delinquent and was again returned to the West Central Rehabilitation Center.

{¶4} On May 23, 2011, another hearing was held because the State filed another complaint alleging that C.B. was delinquent for another violation of his community control. At this hearing, C.B. again agreed to proceed without an attorney, but denied the allegations in the complaint. The matter was set for trial. The trial was held on June 23, 2011. C.B. again agreed to proceed without counsel and the trial was held. At the conclusion, the trial court found C.B. to be delinquent for violating the terms of his community control. The trial court sentenced C.B. to a minimum of six months in the custody of DYS. C.B. appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The Auglaize County Juvenile Court violated [C.B.'s] right to counsel and to due process under the Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution; Ohio Revised Code 2151.352; and Juvenile Rules 3, 4, and 29.**

### Second Assignment of Error

**The State's improper actions in failing to inform [C.B.] of his right to present witnesses if indigent deprived [C.B.] of his right to a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution.**

**{¶5}** In the first assignment of error, C.B. alleges that the trial court did not adequately determine that he was knowingly, voluntarily, and intelligently entering a waiver of counsel. The United States Supreme Court has recognized that the due process clause of the Fourteenth Amendment applies to juvenile delinquency proceedings. *In re Gault*, 387 U.S. 1, 87 S.Ct. 142 8, 18 L.Ed.2d 527 (1967). In *Gault*, the Court determined that juveniles must be informed of their right to counsel. *Id.* The Ohio Supreme Court adopted the holding of *Gault* in *In re Agler*, 19 Ohio St.2d 70 (1969). Additionally, the Ohio legislature has guaranteed juveniles the right to counsel.

> **A child * * * is entitled to representation by legal counsel at all stages of the proceedings under this Chapter or Chapter 2152 of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120 of the Revised Code * * *. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person.**

R.C. 2151.352. This right is also provided by the Rules of Juvenile Procedure. "Every party shall have the right to be represented by counsel and every child * * * the right to appointed counsel if indigent." Juv.R. 4(A). At the beginning of any adjudicatory hearing, the trial court must address the right to counsel if the juvenile is unrepresented. Juv.R. 29(B).

-4-

> **At the beginning of the hearing, the court shall do all of the following:**
>
> **\* \* \***
>
> **(3)  Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;**
>
> **(4)  Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;**
>
> **(5)  Inform any unrepresented party who waives the right to counsel of the right:  to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent.**

Juv.R. 29(B).

> **A child's right to be represented by counsel at a hearing conducted pursuant to Juv.R. 30 may not be waived.  Other rights of a child may be waived with permission of the court.**

Juv.R. 3.[1]

{¶6} The Ohio Supreme Court has addressed this issue in *In re C.S.*, 115

Ohio St.3d 267, 2007-Ohio-4919.  The Court held as follows.

> **[I]n a delinquency proceeding, a juvenile may waive his constitutional right to counsel, subject to certain standards articulated below, if he is counseled and advised by his parent, custodian, or guardian.  If the juvenile is not counseled by his parent, guardian, or custodian and has not consulted with an attorney, he may not waive his right to counsel.**
>
> **\* \* \***

---

[1]  This is the old rule which was in effect at the time of the hearing in question in this appeal.  The new rule is much more detailed about how a waiver may be obtained.  The new version went into effect on July 1, 2012.

**In holding that the constitutional right to counsel may be waived by a juvenile, we apply the definition of waiver used in *State v. Foster* – an "intentional relinquishment or abandonment of a known right."  \* \* \* As in cases involving adults, there is a strong presumption against waiver of the constitutional right to counsel.  *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461.**

**An effective waiver of the right to counsel by a juvenile must be voluntary, knowing and intelligent.  *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus.  In a juvenile court proceeding in which the judge acts as parens partriae, the judge must scrupulously ensure that the juvenile fully understands, and intentionally and intelligently relinquishes, the right to counsel.  Id. at paragraph two of the syllabus; \* \* \*.**

**In the discharge of that duty, the judge is to engage in a meaningful dialogue with the juvenile.  Instead of relying solely on a prescribed formula or script for engaging a juvenile during the consideration of the waiver, \* \* \* the inquisitional approach is more consistent with the juvenile court's goals, and is best suited to address the myriad factual scenarios that a juvenile judge may face in addressing the question of waiver.**

**We agree with the Supreme Court of Nebraska's recent holding that a totality-of-the-circumstances analysis is the proper test to be used in ascertaining whether there has been a valid waiver of counsel by a juvenile. \* \* \* The judge must consider a number of factors and circumstances, including the age, intelligence, and education of the juvenile; the juvenile's background and experience generally and in the court system specifically; the presence or absence of the juvenile's parent, guardian, or custodian; the language used by the court in describing the juvenile's rights; the juvenile's conduct; the juvenile's emotional stability; and the complexity of the proceedings. \* \* \***

**In cases such as this one, in which a juvenile is charged with a serious offense, the waiver of the right to counsel must be made**

**in open court, recorded, and in writing * * * If a written waiver has been executed, the juvenile court judge must consider the form used and the juvenile's literacy level to ensure that the juvenile has an intelligent understanding of the document and an appreciation of the gravity of signing it.**

*In re C.S., supra* at ¶105-109, see, also *In re Ramon*, 3d Dist. No. 4-07-03, 2007-Ohio-5768 (reversing a waiver of counsel by juvenile for violating the provisions of *C.S.* and Juv.R. 29). The rights dialogue discussed in *C.S.* and provided for by Juv.R. 29 is mandatory and the failure to advise the juvenile of the rights is reversible error. *Ramon, supra* at ¶17 (quoting *In re Kimble*, 114 Ohio App.3d 136, (3d Dist. 1996)).

{¶7} The Ohio Supreme Court has previously provided guidance as to what is needed to have a valid waiver of counsel. The Court has required that the warning be sufficient to impose on the defendant the seriousness of the offense and the consequences of having a trial or not could have on his or her life. *State v. Gibson*, 45 Ohio St.2d 366 (1976).

**This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments**

**thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.**

*Id.* at 376-77. The Court has also required that a defendant be "made aware of the dangers and disadvantages of self-representation' so that the record established that 'he [knew] what he [was] doing and his choice [was] made with eyes open.'" *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶44 (quoting *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562).

**{¶8}** Here, the following dialogue took place at the preliminary hearing.

**The Court: Now throughout the course of these proceedings, [C.B.], you have the right to have an attorney represent you. If you cannot afford an attorney one can be appointed to represent you at little or no cost to you. Do you understand that?**

**C.B.: Yes, Sir.**

**The Court: Do you wish to go on today without an attorney or would you like to have time to talk with an attorney first?**

**C.B.: Sir, I would like to go on.**

**The Court: Mr. Kiefer is going to give you a piece of paper, [C.B.], which is your written waiver of your right to an attorney. I want you to read it. If you agree with it, sign it at the bottom where it says, "Juvenile" and then give it to your custodian for her review and if she agrees with your decision she may sign it as well. ([C.B.] reading and signing waiver.)**

**Now even though you have signed that, [C.B.], if at any time you change your mind and you decide you do want an attorney all you have to do is tell me, okay.**

**C.B.: Yes, Sir.**

May 23, 2011 Hearing, 5.  This court notes that all of the discussions at prior hearings were substantially the same.

{¶9} On June 23, 2011, the trial took place.  Before the trial, the trial court reaffirmed that C.B. wished to proceed without an attorney.

> **The Court: [C.B.], I explained to you before when you were here that you do have the right to have an attorney represent you in these proceedings, and if you cannot afford an attorney one can be appointed to represent you.  Do you understand that?**
>
> **C.B.:  Yes, Sir.**
>
> **The Court:  Do you want to go ahead today with this trial without an attorney assisting you?**
>
> **C.B.:  Yes Sir.**
>
> **The Court:  Do you understand that you are going to be held to the same standards as any other lawyer with regard to the presentation of evidence and so forth?**
>
> **C.B.:  Yes, Sir.**
>
> **The Court:  And you still want to go on without an attorney?**
>
> **C.B.:  Yes, Sir.**
>
> **The Court:  You understand, [C.B.], that if the Court finds that you violated the terms and conditions of probation your protective supervision could be placed with the Department of Jobs and Family Services; your temporary or permanent custody placed with another person; you could be placed into a foster home; you could be placed on Community Control Probation for an indefinite period of time; could be fined up to fifty dollars ($50.00), assessed the court costs; if you have a driver's license it can be suspended or revoked; you could be**

> **detained for a period of up to a hundred and eighty (180) days or your legal custody can be committed to the Department of Youth Services for a minimum period of six (6) months to a maximum period of the attainment of the age of twenty-one (21). Do you understand all of those things?**
>
> **C.B.: Yes Sir, I do.**
>
> **The Court: And you still wish to go forward without an attorney?**
>
> **C.B.: Yes, Sir.**
>
> **The Court: You're certain of that?**
>
> **C.B.: Yes, Sir.**
>
> **The Court: Mr. Kiefer, then is going to give you a piece of paper, [C.B.] which is your written waiver of your right to an attorney. I want you to read it. If you do agree with it, sign it at the line where it says "Juvenile", then give it to your guardian for her review and if she agrees with your decision she may sign it as well.**

June 23, 2011, Hearing, 6-7. The trial court did not engage in any dialogue with C.B. that would insure that he was counseled either by an attorney or his guardian before waiving his right to counsel. Absent a showing that C.B. received counsel before the waiver, the waiver cannot be accepted. *C.S., supra* at ¶98. There was no evidence that he fully understood what rights he was waiving. He was not fully informed of his right to remain silent, his right to cross-examine witnesses, or his right to a transcript prior to the waiver as was required by Juv.R. 29(B). There was also no discussion of the possible defenses and claims of mitigation as

required by the Ohio Supreme Court. *Gibson, supra* at 377. Finally, the trial court did not inform C.B. of the dangers and disadvantages that self-representation entailed. *Martin, supra* at ¶44. A review of the record indicates that the trial court neither conducted the required dialogue with the defendant nor conducted the totality of the circumstances analysis to determine if the waiver was intelligently, knowingly, and voluntarily made. This is in violation of Juvenile Rule 29 and the precedent set forth by the Ohio Supreme Court and this court. Therefore, the waiver of counsel was not valid and the first assignment of error is sustained.

{¶10} Having found prejudicial error with the first assignment of error, the second assignment of error is moot and need not be addressed by this court.

{¶11} The judgments of the Court of Common Pleas of Auglaize County, Juvenile Division are reversed and these matters are remanded.

*Judgment Reversed and
Cause Remanded*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**