[Cite as *State v. Stiltner*, 2019-Ohio-4631.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
DEFIANCE COUNTY

STATE OF OHIO,

        CASE NO. 4-19-08

    PLAINTIFF-APPELLEE,

  v.

BRANDON M. STILTNER,        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 18-CR-13411

Judgment Reversed and Cause Remanded

Date of Decision: November 12, 2019

APPEARANCES:

    *Sarah R. Anjum* for Appellant

    *Russell R. Herman* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Brandon M. Stiltner ("Stiltner") brings this appeal from the judgment of the Court of Common Pleas of Defiance County entering a judgment of guilty of aggravated possession of drugs. Stiltner argues on appeal that the trial court erred by 1) not conducting a proper waiver of counsel colloquy and 2) by not sua sponte ordering a competency exam. For the reasons set forth below, the judgment is reversed.

*Factual and Procedural Background*

{¶2} On December 11, 2018, a vehicle in which Stiltner was a passenger was stopped. The driver was found to be driving under suspension. Due to the driver's recent drug history, a canine was summoned to the scene and a vehicle walk around was conducted. The dog alerted to drugs on the passenger side of the vehicle. A search of Stiltner turned up methamphetamine and drug paraphernalia. When questioned about the items, Stiltner claimed they were not his but refused to identify the owner. Stiltner was then arrested for possession of drugs.

{¶3} On January 10, 2019, the Defiance Grand Jury indicted Stiltner on one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree. Doc. 2. The trial court found Stiltner to be indigent and appointed Attorney Jeffrey Horvath ("Horvath") for him. Doc. 25. On January 18, 2019, Sitltner entered a plea of not guilty to the charge in the indictment. Doc. 6. That same day, Horvath filed a motion for leave to withdraw as counsel. Doc.

7. The basis for the motion was that Stiltner wanted new counsel. *Id*. On January 28, 2019, the trial court granted Horvath's motion to withdraw. Doc. 8. Attorney John C. Vigorito ("Vigorito") then appointed on February 4, 2019, as counsel for Stiltner. Doc. 12. On March 5, 2019, Vigorito filed a motion to withdraw as counsel. Doc. 20. The basis for the motion was that Stiltner had terminated Vigorito as his attorney, which caused a breakdown in attorney/client communication. *Id* The trial court granted the motion to withdraw without a hearing. Doc. 21.

{¶4} On March 21, 2019, a pretrial hearing was held at which Stiltner appeared without counsel. Doc. 39. At that time, the trial court addressed Stiltner's lack of attorney. Tr. 3-8. The trial court even suggested that counsel could be appointed merely to advise Stiltner of legal procedures. Tr. 8-9. Stiltner was not interested. Tr. 8-13 When asked what he wished to do, Stiltner responded as follows.

> **All I know is I got my discovery right here. I know what it says and I can't hire a lawyer from being in jail. So see you at trial.**

Tr. 13. The trial court then once again tried to explain to Stiltner why he needed counsel to help him with procedural matters. Tr. 15-17. The trial court specifically informed him of his right to counsel.

> **The Court: * * * I cannot do things on your behalf to help you try your case. I can tell you that you're entitled to a lawyer that you're entitled to a court appointed lawyer if you don't have the money to hire one. I can tell you that it's – I've been at this thirtyish years. It's a really bad idea to represent yourself unless**

> **you actually know what you're doing. Cause you can step in it and there are bad consequences.**
>
> **The Defendant: Well, I can speak up and talk for myself like the other two lawyers couldn't. So – all due respect, Your Honor, I'm going in by myself.**

Tr. 18. When Stiltner mentioned that he had previously suffered brain damage that left him "a little mixed up", the trial court again noted that it would be a good idea for him to have counsel to assist him. Tr. 20. Stiltner kept insisting he would represent himself until he was asked to sign the waiver of counsel. Tr. 27. Stiltner then refused to sign the waiver. Tr. 27. The trial court and Stiltner then discussed signing the waiver during which the trial court determined Stiltner's competency to stand trial was in question. Tr. 28-29.

> **The Defendant: I'm not trying to make you mad –**
>
> **The Court: At this point –**
>
> **The Defendant: -- but I'm not understanding –**
>
> **The Court: -- the Court determines the defendant's competency to stand trial is in question. In order to proceed with a criminal trial, Mr. Stiltner, the Court has to believe that you are capable of understanding the nature of the proceedings against you and assisting in your own defense. That is a legal term of art. Understand the nature of the proceedings against you and being able to assist in your own defense. Unless I am convinced that that is the case I would have to find you not competent to stand trial.**
>
> **If you are found not competent to stand trial the Court will either find you not competent and capable of being restored to competency within one year, in which case you would be referred for treatment to restore you to competency. Or on the other side,**

> **find you incompetent to stand trial and not restoreable within a reasonable period, in which case you would be committed to the mental health facility to be held in the least restrictive environment consistent with public safety for a period that is determined by the nature and seriousness of the charge.**
>
> **The Defendant: (Whereupon, the Defendant executes the waiver of counsel.)**

Tr. 28-29. At no point in time did the trial court make a finding that the waiver of counsel was knowing, intelligent, or voluntary. The trial court also did not make a finding that Stiltner was competent.

{¶5} On April 4, 2019, a trial was held. Doc. 41. At the conclusion of the trial, the jury found Stiltner guilty of aggravated possession of drugs equal to or greater than the bulk amount. Doc. 26. The trial court immediately proceeded to sentencing and ordered Stiltner to serve a prison term of thirty months. Doc. 27. Stiltner subsequently filed a timely notice of appeal. Doc. 28. On appeal, Stiltner raises the following assignments of error.

## First Assignment of Error

**The trial court erred and deprived Mr. Stiltner of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article 1 of the Ohio Constitution as the court failed to ensure that Mr. Stiltner had made a voluntary, knowing, and intelligent waiver of his right to counsel.**

## Second Assignment of Error

**The trial court erred by not ordering a competency exam for Mr. Stiltner.**

*Waiver of Counsel*

**{¶6}** Stiltner argues in the first assignment of error that the trial court erroneously accepted the waiver of counsel without adequately warning him of the consequences.

> **"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused – whose life or liberty is at stake is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.**

*Von Moltke v. Gillies*, 332 U.S. 708, 723-24, 68 S.Ct. 316, 92 L.Ed. 309 (1948), quoting *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *See also State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, and *In re C.B.*, 3d Dist. Auglaize Nos. 2-11-13, 2-11-14, 2012-Ohio-5143, ¶ 7. Generally, there is a presumption against the waiver of counsel and the State bears the burden of proving that the waiver was valid. *State v. Jackson*, 3d Dist. Seneca No. 13-14-30, 2015-Ohio-1694, ¶ 4.

{¶7} A review of the record in this case shows that at the hearing where the waiver of counsel occurred, Stiltner appeared without counsel as the motion of counsel to withdraw had been granted 16 days before the hearing. The trial court tried to find another attorney to represent the defendant, but Stiltner kept insisting he would not be comfortable with an attorney he did not know. Tr. 3-6. Eventually, Stiltner said he "guess[ed] [he would] stand up for [himself]." Tr. 6. The trial court repeatedly told Stiltner that representing himself was a bad idea. Tr. 6,9,10, 12, 15. Specifically, the trial court told him "it's a really bad idea to represent yourself unless you actually know what you're doing. Cause you can step in it and there are bad consequences." Tr. 18. However, the record shows that Stiltner kept going back and forth saying he wanted an attorney and also saying he would represent himself. When asked to sign the waiver of counsel, Stiltner refused to do so. He stated that he was not signing it because he wanted to hire an attorney. Tr. 27. The dialogue between Stiltner and the trial court continued until finally the trial court stated that it had determined that Stiltner's competency to stand trial was in question. Tr. 29. Upon hearing that he might be subjected to a competency evaluation, Stiltner signed the waiver without comment. However, the trial court never found that Stiltner was competent to do so. On the contrary, as noted earlier, the trial court specifically stated on the record that it had determined Stiltner's competency to be in question. If Stiltner was not competent to stand trial, he would also lack the competence to waive counsel. Accepting the plea after making a

determination on the record that Stiltner may lack competence to stand trial without addressing the issue calls into question the knowing, intelligent, and voluntariness of the waiver. Since the presumption is against a valid waiver, this Court finds that the acceptance of the waiver by the trial court in this case was an abuse of its discretion. The first assignment of error is sustained.

*Competency to Stand Trial*

{¶8} In the second assignment of error, Stiltner claims that the trial court erred by failing to order a competency exam and hold a hearing on his competency after determining that his competency was at issue. The issue of competency to stand trial is controlled by R.C. 2945.37.

> **(B) In a criminal action in a court of common pleas * * *, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.**
>
> **(C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation * * *.**
>
> **(D) The defendant shall be represented by counsel at the hearing conducted under division (C) of this section. If the defendant is unable to obtain counsel, the court shall appoint counsel under Chapter 120. of the Revised Code or under the authority recognized in division (C) of section 120.06, division (E) of section 120.16, division (E) of section 120.26, or section 2941.51 of the Revised Code before proceeding with the hearing.**

R.C. 2945.37. Once the issue of competency is raised prior to trial, the statutory language mandates a hearing is held. Additionally, the statute further requires that a defendant be represented by counsel at the hearing. R.C. 2945.37(D).

> **"Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial."** *State v. Berry*, **72 Ohio St.3d 354, 359, 650 N.E.2d 422 (1995). The measure of competency in this context is wheter a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."** *Dusky v. United States*, **362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). "[W]hen there is evidence to create a sufficient doubt of a defendant's competency to stand trial, a trial court may be required to conduct further inquiry on the question and a trial court must always be alert to circumstances suggesting that the accused may be incompetent to stand trial."** *State v. Corethers,* **90 Ohio App.3d 4298, 433, 629 N.E.2d 1052 (8th Dist. 1993), citing** *Drope v. Missouri*, **420 U.S. 162, 177, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). "An evidentiary competency hearing is constitutionally required whenever there is sufficient indicia of incompetency to call into doubt defendant's competency to stand trial."** *State v. Were,* **94 Ohio St.3d 173, 761 N.E.2d 591 (2002), paragraph two of the syllabus.**

*State v. Tucker*, 2016-Ohio-1353, ¶ 5, 62 N.E.3d 903 (9th Dist.). "When a trial court is confronted with whether to order a competency hearing sua sponte, 'relevant considerations include: (1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial.'" *Id*. at ¶ 6 quoting *State v. Rubenstein*, 40 Ohio App.3d 57, 60-61, 531 N.E.2d 738 (8th Dist.

1987). Absent indicia of incompetency, however, the trial court need not hold a competency hearing. *State v, Bock*, 28 Ohio St.3d 108, 502 N.E.2d 1016 (1986).

{¶9} As discussed above, the issue of competency is intertwined with the waiver of counsel. This issue will need to be addressed by the trial court upon remand as the trial court has determined that it is an issue. The trial court will need to make a determination as to whether a hearing is required based upon the indicia of incompetency before it. Until the trial court makes this determination, this Court has nothing to review. Thus, the assignment of error is rendered moot and this Court will not address this assignment of error at this time. App.R. 12(A)(1)(c).

{¶10} Having found prejudice in the particulars assigned and argued in the first assignment of error, the judgment of the Court of Common Pleas of Defiance County is reversed and remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**